**STATE of Missouri, Respondent,**

v.

**Lawrence Joseph McCARTHY, Appellant.**

**No. 54409.**

Supreme Court of Missouri,
Division No. 2.

April 13, 1970.

John C. Danforth, Atty. Gen., John C. Craft, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel V. O'Brien, St. Louis, for appellant.

FINCH, Judge.

Defendant, charged and convicted under the Second Offender Act of burglary second degree and stealing, was sentenced to imprisonment for terms of ten and five years to run concurrently. We affirm.

The single issue presented on appeal is whether the trial court erred in overruling a motion to suppress as evidence various articles seized from the automobile when defendant was arrested and which the court thereafter admitted in evidence. Accordingly, we recite the evidence only insofar as necessary to determine the search and seizure issue presented.

At about 7:35 p. m. on October 9, 1967, Officers Boedy and Hodges of the St. Louis County Police Department, dressed in plain clothes and driving an unmarked police car, were patrolling on Parker Road when they observed two men walking parallel to the street in an adjacent field. The men, who were within 25 to 40 feet of the officers, were carrying bundles of some kind, but when first observed the light was not sufficient to enable the officers to tell what the men were carrying. The police car slowed until it was barely moving in order to watch the men. They were approaching a parking lot which was well lighted and as they entered that lot the officers could see that defendant, wearing a plaid shirt and dark trousers, was carrying a large white sack which appeared to be a pillowcase. Defendant was recognized by Officer Hodges. Defendant's companion, wearing dark shirt and trousers, had red hair but was not recognized by either officer. He was carrying a dark cloth bag with what appeared to be two gun barrels (either rifle or shotgun) protruding about one and one-half feet.

The officers observed the men open the trunk of a car and place therein the bundles they were carrying, after which the men got into the car. The police car circled a block and came to the parking lot exit just as the car occupied by defendant and his companion backed out and drove off. The police car followed. The car driven by defendant accelerated rapidly, made a wide turn at the corner, getting onto the wrong side of the road in the process. Thereafter, it traveled at a speed considerably in excess of the speed limit, weaving back and forth across the center line markings, and at times being entirely on the wrong side of the street.

The car entered a shopping center parking lot and stopped, whereupon the passenger riding in the right-hand front seat opened the door and ran. Officer Hodges jumped from the police car and tried to catch the fleeing man. Officer Boedy went up to the driver's side of the automobile, identified himself as a police officer, and informed defendant that he was under arrest for careless and reckless driving. Boedy asked to see defendant's operator's license, and when he had none, also arrested him for driving without an operator's license.

As Officer Boedy stood by the car talking to the defendant and advising him of his constitutional rights, he could see in plain view on the floor in front of the passenger front seat a pair of pliers, a screwdriver, a flashlight, and a pair of gloves. In addition, he observed on the dashboard a St. Louis County map.

About that time, Officer Hodges returned from an unsuccessful chase after the passenger who had fled. Officer Boedy had opened the driver's door and told defendant to get out, but before defendant had actually alighted from the car, Boedy also told him that he was under arrest on suspicion of possession of burglary tools.

When defendant alighted from the car, he was searched by Officer Boedy, who, upon finding in his pocket a knife which, when opened, measured ten and one-fourth inches in overall length, then advised defendant that he also was under arrest for carrying a concealed weapon.

Officer Hodges then took the defendant and handcuffed him to the door of the police car, after which he and Officer Boedy then proceeded to enter the car and removed the articles which Boedy had observed as he stood outside the car talking to the defendant. They also found on the back seat of the car an Army fatigue jacket, another flashlight and a heavy wooden club with a carved handle. Officer Boedy examined the map of St. Louis County and found that the area in which 1841 Parker Road was located had been circled.

The officers searched defendant for a key to the trunk but found none. They then removed the back cushion of the rear seat and when they looked into the trunk of the car could see the pillowcase containing articles of some kind and also the two guns which they earlier had observed defendant's companion carrying and which they had seen him place in the trunk. The officers were unable to reach these things from inside the car, but when a wrecker arrived they employed a pry bar and wrench from the truck to open the car trunk. There they found a double-barreled Stevens shotgun, a 6.5 caliber Japanese rifle, a P38 German pistol, and a pillowcase containing a camera, binoculars, a jewelry box containing a man's Elgin wrist watch, identification bracelet, cuff links and other items of jewelry, and a box of trading stamps.

These items were removed from the car and placed in the trunk of the police car, At that time the officers did not know of the burglary of the Schottenhaml residence at 1841 Parker Road, but as they were starting to headquarters with the defendant in the police car they learned of that burglary, and they then drove by the Schottenhaml home where the various articles which had been removed from the car driven by defendant were identified by Mr. Schottenhaml as having been taken from his home that evening.

■■■ Defendant's position is that the search of the automobile cannot be justified as incidental to his arrest for careless and reckless driving because that arrest was unlawful. According to him, the arrest was made merely as a pretext for conducting a search of the automobile. This position is not sustained by the evidence because there was undisputed testimony that defendant did drive in a very careless and reckless manner, which would justify the arrest which was made. Defendant is not insulated from arrest there-

for because of his prior suspicious activity which prompted the officers to follow him. In any event, the search of which defendant complains was not incident to the arrest for careless and reckless driving but, instead, followed and was incident to the arrest on suspicion of possession of burglary tools.

Defendant's second contention is that search of the automobile cannot be justified as being incident to the arrest on suspicion of possession of burglary tools, that arrest also being unlawful "because the mere presence of an ordinary screwdriver, an ordinary flashlight and a pair of cotton gloves observed on the floor of the passenger side of the vehicle did not constitute the commission of a felony in the presence of the arresting officer." This contention necessitates a consideration of whether probable cause for this arrest existed.

■ In State v. Novak, Mo., 428 S.W.2d 585, this court reviewed the subject of probable cause for arrest and in so doing stated, 1. c. 591: "Dealing with probable cause for arrest requires dealing with probabilities which are not technical but 'are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved. * * * Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed,' Brinegar v. United States, 338 U.S. 160, 175–176 [4], 69 S.Ct. 1302, 1311, 93 L.Ed. 1879, and 'The substance of all the definitions (of probable cause) is a reasonable ground for belief of guilt,' Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543." See also similar discussion in State v. Johnson, Mo., 447 S.W.2d 285, 291 [4].

■ Applying the foregoing test, we conclude that Officer Boedy had probable cause at the time he arrested defendant on suspicion of possession of burglary tools. At that time he knew that he and Officer Hodges, a few minutes earlier, had seen defendant (recognized by Hodges, who so advised Boedy) and a companion walking through a field carrying bundles, one of which appeared to be a pillowcase filled with something and the other containing two guns. Both bundles were placed in the trunk of this automobile before defendant and his companion drove off. He knew that the car then was operated in a careless and reckless manner at a high speed, and he knew that when the car stopped the passenger jumped out and fled. Boedy knew that when he asked defendant for his operator's license he had none, and that when he looked in the car (into the trunk of which he had seen the guns and unidentified bundle placed) he observed pliers, a screwdriver, gloves, a flashlight, and a map of St. Louis County. Under such circumstances, the officer had reason to believe that the tools which he observed were tools which defendant possessed for burglarious purposes. It was not merely a case of observing an ordinary screwdriver, an ordinary flashlight and a pair of cotton gloves on the floor of the automobile. In that respect the case differs materially from State v. Young, Mo., 425 S.W.2d 177, cited by defendant. In that case an officer stopped an automobile for failure to display a license plate in the usual location. The officer found defendant's papers in order and that a temporary out-of-state registration permit was mounted in the rear window of the car. The car had not been speeding, nor was the defendant engaged in any law violation of which the officer had any knowledge or suspicion. The officer observed an electric drill and two screwdrivers on the rear floor of the automobile and solely on the basis thereof insisted on looking into the trunk of the car where other

tools were found. With reference thereto, the court in Young said, l. c. 181: "We are unwilling to say that the mere presence of these particular tools in the car, under the circumstances then before Officer Boyd, constituted the commission of a felony in his presence by defendant, or provided a reasonable basis for suspicion that defendant was guilty of such offense."

Considering "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," the information possessed by Officer Boedy was sufficient to warrant his belief that an offense had been or was being committed at the time he arrested defendant on suspicion of possession of burglary tools.

█ The final question for determination is whether the warrantless search of the automobile incident to the arrest on suspicion of possession of burglary tools was permissible. Defendant, in addition to contending that the search was improper because the arrest allegedly was wrongful, contends that the search also was bad because defendant had been handcuffed to the doorpost of the police vehicle and searching for weapons to protect the officers was unnecessary. A similar contention was advanced in Gullett v. United States, 8 Cir., 387 F.2d 307, 311, where that court said:

"Defendants here contend, further, that even if the arrest was lawful, yet the evidence seized is illegal because the search of the car's trunk was an unreasonable search in that it was not properly an incident to the arrest. Defendants concede that the search of the trunk was contemporaneous with the arrest but they argue that since the three men arrested were outside the car and within the control of the patrolmen, there was no necessity for a warrantless search of the trunk or car. They conclude that since the validity of an incidental search and seizure is based upon necessity, the search here was not a valid, incidental search and seizure.

The immediate answer is provided by the court in United States v. Gorman, supra, 2 Cir., 355 F.2d 151, certiorari denied, 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027, where it was stated at page 155 of 355 F.2d:

"' * * * The rule that officers making a valid arrest of one or more occupants of an automobile can, without a warrant, then and there search the car including the trunk is reasonable not only because of necessity in many cases but because a speedy search may disclose information useful in tracking down accomplices still on the move.'" The court in Gullett concluded that there was justification for a contemporaneous, warrantless search of the automobile following and incidental to a lawful arrest of the defendant.

The factual situation here presented is quite comparable to that in Gullett. In addition, there clearly was an apparent accomplice still at large and on the move. The rule announced in Gullett is applicable.

█ In State v. Johnson, supra, 447 S.W.2d l. c. 291, we relied upon Gullett and upheld a contemporaneous, warrantless search of an automobile as incident to an arrest on suspicion of burglary and stealing. In so holding, we quoted Hotis, "Search of Motor Vehicles," 73 Dickinson Law Review 363, 441, as correctly stating the rule applicable to a situation such as that there and here presented. We reaffirm that rule as follows: "Accordingly, once a bona fide stop or arrest has been made for a minor violation, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or in some other manner acquires probable cause on a more serious charge, he may arrest for that offense and incident thereto conduct an additional search for physical evidence. Under these circumstances, neither

the arrest nor the search is tied to the traffic charge, but rather to the violation later discovered." See also State v. Hamblin, Mo., 448 S.W.2d 603, 606 [5].

The case of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, cited and relied on by defendant herein, is inapplicable because it concerned a search of an automobile not undertaken until the petitioner and his companions had been arrested and taken in custody to the police station and the car had been towed to a garage, which was held to be too remote in time and place from the arrest to be justified as incident to a lawful arrest. This distinction was recognized by the court in Gullett.

■ Accordingly, we hold that the search of the automobile was lawful and that the trial court correctly overruled the motion to suppress.

Judgment affirmed.

All of the Judges concur.