STATE of Missouri, Respondent,

v.

Robert BROWNRIDGE, Jr., Appellant.

No. 48607.

Supreme Court of Missouri,
Division No. 1.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

James M. Byrne, St. Louis, for appellant.

PER CURIAM:

On February 12, 1962 this Court affirmed the judgment of conviction of forcible rape and 99-year sentence imposed upon Robert Brownridge, Jr. State v. Brownridge, Mo.Sup., 353 S.W.2d 715. On April 13, 1970 this Court set aside the judgment affirming the conviction under the decisions in Bosler v. Swenson, 8 Cir., 363 F.2d 154 and Swenson v. Donnell, 8 Cir., 382 F.2d 248, in order to enable appellant to be represented by counsel on his appeal. Counsel was appointed by the Circuit Court to represent appellant. Both appellant and the Attorney General have filed briefs and the appeal is now before us on this new submission.

For a recital of the evidence in the case reference is made to the report of our first opinion. Appellant has briefed six points.

## I.

Appellant renews his contention that he was deprived of constitutionally protected rights by reason of the fact that the venire from which the petit jury was selected was comprised of 56 Caucasians and only 4 Negroes, an unfair and unequal proportion of the Negro population of the City of St. Louis. For the reasons given and under the authorities cited in our original opinion, proportional representation is not required. Only if he was deprived by design of the chance of having Negroes on the jury would appellant's constitutional rights have been invaded. State v. Mooring, Mo.Sup., 445 S.W.2d 303, 305 [2]. The burden of establishing discrimination is on the defendant. State v. Merridith, Mo. Sup., 433 S.W.2d 578, 579 [2]. There is nothing in this record to show how the venire was selected. The suggestion of systematic exclusion was never raised in

the trial court by motion to quash the venire, oral objection to proceeding to trial, in the motion for new trial, or otherwise. No evidence was offered to demonstrate unlawful composition of the panel based upon systematic exclusion. The point therefore has not been preserved for appellate review.

■ Conceding this, appellant suggests that nevertheless his constitutional rights "may well have been very seriously violated" and asks for a remand for the purpose of taking steps in the trial court to ascertain the facts and to secure a judicial determination based upon the possibility that there was a purposeful and systematic exclusion of Negroes from the venire in 1961. Judgments are not reversed by appellate courts on speculation or prospects but only for errors committed by the trial court against appellant, materially affecting the merits of the action. Civil Rule 83.13(b), V.A.M.R., which by virtue of Criminal Rule 28.18 governs practice and procedure in criminal cases in the Supreme Court. No error having been demonstrated this Court will not reverse and remand for the purpose of exploring the possibility that the venire was not properly constituted.

## II.

■■ Appellant reasserts his contention that sentencing appellant to 99 years' imprisonment was cruel and unusual punishment, in violation of Art. I, § 21, Constitution of Missouri, 1945, V.A.M.S. This contention cannot be sustained for the reasons given and under the authorities cited in our original opinion.

Appellant urges, however, that two co-defendants received 15-year sentences on pleas of guilty and that a 99-year sentence for the same crime violates Art. I, § 2, of the Constitution of Missouri, 1945, vouch-safing to all persons equal rights under the law. This point was not preserved in the motion for new trial and therefore is not preserved for appellate review. State v. Nolan, Mo.Sup., 423 S.W.2d 815. Had it been properly preserved it would have availed appellant nothing under the ruling in State v. Burton, 355 Mo. 792, 198 S.W.2d 19, 23: "The sentence is claimed to be excessive because it is more severe than sentences in similar cases. Under the statute, Section 4393, R.S.1939, Mo.R.S.A., [now § 559.260, RSMo 1969, V.A.M.S.] the punishment for statutory rape ranges from death to two years imprisonment. This court has ruled that when the punishment assessed is within the range prescribed by statute, it cannot be adjudged to be excessive by an appellate court." See also State v. Eckenfels, Mo.Sup., 316 S.W.2d 532, in which an accomplice with a prior record was sentenced to 5 years, whereas Eckenfels was given life imprisonment. This was held not to establish that the sentence inflicted upon Eckenfels was cruel and unusual.

## III.

Appellant urges the illegality of his arrest in East St. Louis, Illinois because made without a warrant and without probable cause. Conceding that the question was not raised below, counsel suggests that serious questions of legality may be involved "if the arrest was made without a warrant and without probable cause." Appellant also on this appeal, for the first time, questions the legality of the removal of appellant from the State of Illinois to the State of Missouri. Appellant admits that the record is silent on these questions; that no pretrial motions were filed with respect thereto, and that no objections to the manner or circumstances of the arrest were made by counsel below. Nevertheless, appellant asks for remand for "an effective determination" of whether his arrest and subsequent removal to Missouri were lawfully accomplished.

■ Appellant had the duty to take appropriate affirmative action in the circuit court to register his objections concerning, and to establish the illegality of, the arrest

and removal. Having failed to take any action in the circuit court appellant waived these objections and cannot fault the circuit court, which has had no opportunity to pass upon these questions. Under recognized appellate procedure appellant is not entitled to a second chance to raise these points.

### IV.

■ Appellant asserts error in admitting in evidence the loaded pistol which was found on his person in a search conducted at the time of arrest, on the ground that the search was illegal. No motion to suppress having been filed before trial this point has not been preserved for appellate review. "The procedural rules of this state, with an exception not here material, require that the contention of an unlawful search and seizure be made by motion to suppress the evidence in advance of trial." State v. Fields, Mo.Sup., 442 S.W.2d 30, 33 [2]. Defendant must also present evidence to sustain his contentions, State v. Holt, Mo. Sup., 415 S.W.2d 761, and keep the question alive by timely objection. State v. Tunnell, 302 Mo. 433, 259 S.W. 128; State v. Hepperman, 349 Mo. 681, 162 S.W.2d 878, and by inclusion in his motion for new trial. State v. Lord, Mo.Sup., 286 S.W.2d 737. None of these precautions was taken, so the point has been waived.

### V.

■ Appellant argues that the court erred in admitting testimony identifying appellant as the perpetrator of the crime for the reason that the identifying witnesses viewed appellant alone and not in a proper lineup and that he did not have the benefit of counsel at the time. Appellant concedes that the decisions of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, are not to be applied retroactively, but urges that the totality of the circumstances may have been so unnecessarily suggestive and con-

ducive to mistaken identification as to amount to a denial of due process (quoting Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402) and concludes that the identification testimony should have been excluded. The point has been waived. No objection to the admission of this testimony was made at the trial, and the witnesses were cross-examined by appellant's counsel with respect to the circumstances surrounding the identification at the police station. Timely objection at the trial, and preservation of the objection in the motion for new trial, must be made in order to preserve the point for appellate review. State v. Franklin, Mo.Sup., 448 S.W.2d 583, 584 [2].

■ We have reviewed the question, despite the waiver, and have determined that regardless of the propriety of the identification at the police station there was an independent basis for the in-court identification. The victim had ample opportunity to observe appellant at the scene of the crime. She testified that from the time the three men first appeared until they left possibly a half an hour passed. They were directly across the street from a street light and she could very clearly see the faces of all of the men involved. She described the shirt and trousers appellant was wearing at the time. She was positive about the identification. At no time during the encounter between the two in which she testified that appellant attacked her, choked her when she tried to scream, and engaged in a complete act of sexual intercourse with her against her will and without her consent, did she lapse into unconsciousness, "Virtually no other crime offers the opportunity for observation of the perpetrator as the crime of rape." Grant v. State, Mo.Sup., 446 S.W.2d 620. Mr. Ruehmann observed appellant for approximately the same length of time. He could clearly see appellant's face at the scene of the crime. He was only five feet away when he observed appellant on top of the victim. There was no doubt in

his mind that appellant was the man he saw that night attacking Patricia Datillo. Under this evidence the in-court identifications of appellant were admissible in evidence whether the identification at the police station met constitutional standards or not.

## VI.

Appellant maintains that the court erred in admitting incompetent testimony of other alleged offenses with which he was not charged in the indictment, namely, the robbery which immediately preceded the rape and the theft of an automobile located a substantial distance from the scene of the crime, immediately thereafter. Appellant tacitly concedes that proof of the robberies was not error, because this would come within the exceptions to the general rule excluding evidence of other crimes not charged in the indictment as stated in State v. Smith, Mo. Sup., 431 S.W.2d 74, but he claims the proof of the theft of the automobile is in an entirely different situation. We disagree. ' The circumstances surrounding appellant's flight from the scene of the crime, his escape and his identity in these activities were important to the prosecution. His participation in the crime and his flight were not admitted and had to be proved. On being questioned by the police after his arrest appellant had told the police that he was not even in Forest Park that night. Appellant waived his opening statement and the burden of proof was on the State. In developing the testimony of Wilford Adams, owner of the automobile commandeered by appellant in making his escape, the prosecutor limited his questions as far as practicable to the matter of identity. Evidence of other crimes is competent to prove the specific crime charged when it tends to prove the identity of the person charged with the commission of the crime on trial. State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 307.

No error appearing, the judgment of conviction is affirmed.