**STATE of Missouri, Respondent,**

v.

**James E. CARTER, Appellant.**

**No. 56503.**

Supreme Court of Missouri,
Division No. 1.

April 10, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Harold L. Lowenstein, Asst. Atty. Gen., Kansas City, for respondent.

Ira H. Sharp, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant.

FINCH, Alternate Judge.

Defendant appeals from a twenty-year sentence imposed under the Second Offender Act (§ 556.280, V.A.M.S.) following a jury verdict finding him guilty of robbery in the first degree with a dangerous and deadly weapon. We affirm.

On the evening of May 23, 1970, William Joe Marcee, the attendant in charge of a Clark Service Station in St. Louis, was robbed. A black Thunderbird automobile drove into the station and the driver asked Marcee for two packages of Kool cigarettes. As Marcee was undertaking to deliver the cigarettes (2 packages of Kool filter kings), the driver, identified as defendant Carter, produced a pistol and told Marcee it was a robbery. Carter and Fondren, a passenger armed with a shotgun, then forced Marcee into the back room of the filling station, where Carter struck him several times and both men threatened to shoot him. On demand, Marcee delivered the money he had in the belt he was wearing and pointed out where other money was kept on a shelf in that room. The men kept asking about the safe but Marcee advised that only the owner had a key to it. The two men kept Marcee in that room, which was well lighted, for fifteen minutes or more. About $140, plus what Kool cigarettes the station had on hand, were taken.

After the car left, Marcee reported the robbery and described the Thunderbird, including the fact that the front hood was sprung and perhaps wired down and one headlight was not burning. Thereafter, a report was broadcast to police officers giving this information.

On the next evening, Patrolman True was in a police car when he met a 1961 black Thunderbird with one headlight out and he observed that the car was occupied by three Negro males. True made a "U" turn to follow the car and then observed

that the license plate was unilluminated. Officer True followed the Thunderbird for a time and then signalled it to stop. Officer True had heard the radio broadcast the evening before advising that a filling station had been robbed by men driving a 1961 or 1962 black Thunderbird with one headlight not burning. That broadcast had indicated that the car was occupied by three or four Negro males. True called for an assist car and then alighted and went to the Thunderbird. As he did, he observed the driver bend over and then quickly open his door and step out. True asked to see his driver's license and was told the driver did not have one. Officer True advised the driver that he was under arrest for driving without an operator's license, driving with one headlight, and driving with an unilluminated license plate, and that all of the men were under arrest for suspicion of robbery of the Clark Filling Station.

Another officer arrived at the scene and after the three persons were removed from the car, Officer True removed a pistol he observed on the floor under the driver's seat, the handle of which could be seen protruding out from under the seat. He also picked up two opened packages of Kool filter king cigarettes which were on the front seat, and from the ledge back of the rear seat he took a sack containing thirteen packages of regular Kool cigarettes. Defendant had slightly in excess of $100 in his possession when arrested.

The first point raised by defendant is that the court should have sustained his motion to strike the jury sworn in the case on the basis of asserted systematic exclusion of Negroes from the jury. The only thing shown in the transcript with reference to this subject is an oral motion made by counsel after the jury had been sworn, as follows:

"MR. SHARP: I'm making a motion to strike the jury because of the systematic exclusion of Negroes from it, and I'd like the record to show that the State used its

ten strikes to strike nine Negroes; one other person whom the State knew personally. And I believe that this defendant is deprived of his opportunity to have a fair trial by a jury of his peers because of this."

■ The trial court overruled the motion, holding that it was without merit and also came too late since it was after the jury had been sworn. We affirm that ruling. The defendant did not sustain the burden resting on him. He has not shown that the jury panel was improperly selected; he has not shown any improper action on the part of the prosecutor; and he has not shown that he was not tried by a fair and impartial jury. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; United States v. Williams, 8th Cir., 421 F.2d 529; State v. Huddleston, Mo., 462 S.W.2d 691; State v. Merridith, Mo., 433 S.W.2d 578.

■ Defendant's second point is that the trial court erred in overruling his motion to suppress evidence allegedly seized by an unauthorized search and seizure of the automobile driven by the defendant. Specifically, his motion has reference to the pistol taken from the floor of the car, the cartridges which it contained, the two packages of Kool filter king cigarettes taken from the front seat and the sack of thirteen packages of Kool cigarettes taken from the ledge back of the rear seat. We find no merit in this contention. Defendant cites no cases to support his position. The action of the officers in seizing these items, all of which were in plain view, was authorized under the applicable decisions after defendant and his companions had been arrested and removed from the car. State v. Mallory, Mo., 336 S.W.2d 383; State v. Camper, Mo., 353 S.W.2d 676; State v. Johnson, Mo., 447 S.W.2d 285; State v. McCarthy, Mo., 452 S.W.2d 211.

The third point raised involves the action of the court in overruling defendant's motion to suppress all in-court identifica-

tion testimony relating to identification of defendant as perpetrator of the alleged crime. Testimony offered in support of this motion disclosed that Marcee had viewed a lineup in which the three persons arrested by Officer True appeared. Defendant contended that this lineup was improper and that it contaminated the identification of defendant by Marcee so that no testimony with respect to identification of defendant by Marcee should be received.

■ The trial court ordered the evidence as to identification at the lineup to be excluded (although stating the lineup probably was not tainted and that defendant had been advised of his rights and waived counsel) and no testimony with reference thereto was received. However, the court overruled the motion as it related to an in-court identification of defendant Carter. The court's ruling thereon specifically found that the evidence heard by it in a hearing outside the presence of the jury disclosed that Mr. Marcee had full and adequate opportunity to observe at close range the facial characteristics and appearance of defendant Carter and his associate Fondren. Accordingly, his in-court identification of defendant had a separate basis and was free and independent of any lineup identification he might have made. The evidence in the transcript provides ample basis for this finding by the court and hence the in-court identification was properly received. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; State v. Payne, Mo., 452 S.W.2d 805; State v. Mentor, Mo., 433 S.W.2d 816.

■ The fourth basis for reversal asserted by defendant is alleged prejudicial argument by counsel for the state. The record discloses that no objection of any kind was made by the defendant to argument by the prosecuting attorney at the time it was made. Hence, nothing is preserved for review.

■ Finally, defendant says that the evidence was insufficient to prove the of-

fense of robbery first degree by means of a dangerous and deadly weapon. His contention is that the evidence did not prove a taking of property from the person of Marcee against his will by violence to his person or by putting him in fear of immediate injury to his person. On the contrary, the evidence in the transcript, some of which is previously detailed herein, does show clearly that there was proof of these facts and the jury was justified in so finding.

Judgment affirmed.

HOLMAN, P. J., and SEILER, J., concur.

BARDGETT, J., not sitting.