**STATE of Missouri, Respondent,**

v.

**Roy WILLIAMS, Appellant.**

**No. 56881.**

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Harold L. Lowenstein, Asst. Atty. Gen., Kansas City, for respondent.

E. L. Monroe, Monett, for appellant.

DONNELLY, Judge.

Appellant, Roy Williams, was charged by information of stealing a Holstein calf, was convicted by a jury in the Circuit Court of Barry County, Missouri, and was sentenced to imprisonment for a term of three years. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

■ The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, V.A.M.S. we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution.

Appellant does not question the sufficiency of the evidence. In brief, appellant, and others, shot and butchered a Holstein calf on the Mooneyham farm in Lawrence County the evening of September 18, 1970. They were observed leaving the farm in a 1964 white over blue Ford station wagon.

Burt Miller, Deputy Sheriff of Greene County, after receiving a report to be on the lookout for the station wagon, came upon the station wagon, and appellant, later the same evening. He arrested appellant, searched the vehicle, and found an axe and a knife, identified at trial as State's Exhibits A and B.

Deputy Sheriff Burt Miller testified, in part, as follows:

"Q. I hand you Exhibit A of the State, and will ask you if you recognize that, and is that your handwriting on there?

A. Yes, sir. That's the double-bladed axe.

Q. That is your writing on that Exhibit A? A. Yes, it is.

Q. Where did that come from? A. From the back of the station wagon that Williams and these other men were in.

Q. Look at what has been marked as Exhibit B of the State, and I will ask you if you recognize what that is in the envelope?

A. That is my writing with the four men's name, and this was the knife that was in the station wagon they were in."

Dean Stockton, Deputy Sheriff of Lawrence County, testified, in part, as follows:

"Q. I hand you State's Exhibit A, and do you recognize that?

A. That—yes, I recognize that. It was turned over to me by the Greene County Sheriff's Department. It is the axe.

Q. This is in the same condition as it was when it was taken?

A. Yes, but this was added since then.

Q. And State's Exhibit B in the envelope, what is that?

A. The knife that was taken.

Q. Are your initials on there? A. Yes.

Q. You got that exhibit from where?

A. The Greene County Sheriff's Office.

Q. Deputy Stockton, what did you do with these exhibits?

A. They were turned over to Corporal Murphy on the same day as the other evidence."

Wayne A. Murphy, evidence technician with the Highway Patrol, testified, in part, as follows:

"Q. Corporal Murphy, I hand you State's Exhibit A, and do you recognize that exhibit? A. Yes, sir.

Q. Does it have your initials on it?

A. It has my full name on it, and I made the tag.

Q. When did you take that into your possession?

"A. At the Lawrence County Jail on the 21st day of September, 1970.

Q. I hand you State's Exhibit B, and do you recognize that?

A. Yes, sir.

Q. And what is that? A. That's a knife I took from Deputy Stockton at the Lawrence County Jail on September 21, 1970."

Michael Brizendine, laboratory technician with the Highway Patrol testified, in part, as follows:

"Q. I hand you Exhibit A of the State, and do you recognize that?

A. Yes, sir. Q. Does it have your initials on it? A. Yes.

Q. Was that likewise delivered to you at Jefferson City on the same date as the other exhibits? A. Yes.

Q. And did you made a determination if there was blood on that?

A. Yes, sir, I did.

Q. Was there blood on that exhibit? A. Yes, sir.

Q. Could you make a determination of the classification or type of blood it was? A. No.

Q. This is Exhibit B of the State. Do you recognize that?

A. Yes, sir.

Q. Was that likewise delivered to you at Jefferson City on September 22, 1970?

A. Yes.

Q. And did you make an examination of that? What is that?

A. It's a stainless steel knife, I guess.

Q. Did you make an examination of that and make a determination to see if there was blood on it? A. Yes.

Q. What did you find?

A. I found there was blood on it.

Q. Could you determine the type of blood on it? A. Yes, cow blood.

The State sought to introduce into evidence Exhibits A and B (and other exhibits), and the following transpired:

"MR. MONROE: I am going to object to Exhibits A and B for the reason that there is no evidence as to the complete chain of possession of these exhibits, and it isn't established that A and B, as presented here, were or are in the same condition as they were at the time of the taking by the Greene County Deputy Sheriff. I have no objection to Exhibits C and D.

\*      \*      \*      \*      \*      \*

"JUDGE PINNELL: For the record, State's Exhibits A and B will be refused.

"MR. MONROE: I move that the jury be admonished to completely disregard State's Exhibits A and B, being the knife and the axe, and to draw no conclusions with regard to these items, and further move the Court that a mistrial be declared and the jury discharged because of the fact these exhibits, Exhibits A and B, the axe and knife, were shown and exhibited to the jury through the State's witnesses, and such showing of these exhibits to the jury has placed a prejudicial *a*ffect upon the jury and such prejudicial *a*ffect cannot be cured by any admonition by the Court to the jury to disregard such testimony and exhibits.

"JUDGE PINNELL: Mr. Faulkner.

"MR. FAULKNER: A and B, I feel they—Your Honor, those exhibits were not actually shown to the jury other than examination of the exhibits by the witnesses. They were not actually shown or handed to the jury, but they were only identified by the witnesses.

"JUDGE PINNELL: I will instruct the jury that Exhibits A and B were not admitted and that they should disregard them all together.

"MR. MONROE: Now, Your Honor— I feel that the exhibition of these exhibits, the continual showing of these exhibits to the jury, has been highly prejudicial to the

defendant, and that such prejudicial *affect* can't be removed from the minds of the jury by admonition of the Court to disregard such exhibits, and I am asking for a mistrial and the discharge of the jury.

"JUDGE PINNELL: The request will be refused, however, I will admonish the jury.

"MR. MONROE: I further move the Court to strike the testimony of Deputy Miller and Deputy Stockton and Corporal Murphy and Mr. Brizendine with regard to Exhibits A and B, the axe and knife, and ask that the jury be admonished to disregard all of the testimony in regard to the axe and knife.

"JUDGE PINNELL: I will so admonish the jury, Mr. Monroe.

"MR. MONROE: I again ask for a mistrial of this matter for the reason previously stated.

"JUDGE PINNELL: The request will be refused. Anything further?

"MR. FAULKNER: No, sir. The State rests. The State withdraws State's Exhibits A and B.

\* \* \* \* \* \*

"JUDGE PINNELL: Ladies and Gentlemen, State's Exhibits A and B have been refused in evidence in this case, so you will not consider the axe and the knife in arriving at your verdict in this case. You will disregard the testimony of Mr. Miller, Mr. Stockton, Mr. Murphy and Mr. Brizendine pertaining to Exhibits A and B."

The points raised on appeal are: (1) that the information filed in this case did not state an offense; and (2) that the trial court erred in failing to declare a mistrial and discharge the jury.

■ On the record in this case, we hold: (1) that the information was sufficient to charge appellant, under V.A.M.S. § 560.156, of stealing without the consent of the owner (State v. Miles, Mo.Sup., 412 S.W.2d 473); and, although it contains surplusage, it is not rendered defective by the law announced in State v. White, Mo. Sup., 431 S.W.2d 182; and (2) that the trial court did not abuse its discretion in failing to declare a mistrial (State v. Camper, Mo. Sup., 391 S.W.2d 926).

The judgment is affirmed.

All of the Judges concur.