**STATE of Missouri, Respondent,**

v.

**Lawrence C. GOSHON, Appellant.**

**No. KCD 26585.**

Missouri Court of Appeals,
Kansas City District.

Feb. 4, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

Appeal from a conviction for armed robbery. Defendant was convicted upon a jury verdict and sentenced to a term of five years in the Department of Corrections. Two points of error are presented on appeal. Defendant contends the court erred in overruling his motion to suppress the line-up in which he was identified, because it was unduly suggestive, and secondly, that "[t]he court erred in allowing the victim, Mr. Pete Morton, to testify concerning any basis of identification which was not independent of the taint raised by the prejudicial line-up proceeding."

The prosecution of the defendant arose from a robbery on September 2, 1972, at

the Skaggs drugstore at 3200 Troost, in Kansas City. At 7:20 a. m., Mr. Pete C. Morton, the manager of the store, arrived to prepare for the business day. As Mr. Morton entered the store, an armed man, later identified as the defendant, stepped from hiding, within the store, and confronted him. The defendant took the derringer that Mr. Morton was carrying, and ordered him to the rear of the store. Mr. Morton's wallet containing $15.00, his watch, and his ring were taken, and he was bound hand and foot with hosiery.

When Mr. Morton warned defendant that employees would soon begin arriving for work, defendant loosened the bonds and directed Mr. Morton to make a sign to be placed on the door. The parties proceeded to another portion of the store where Mr. Morton wrote a notice to employees that the store would not open until 12:00 noon. After placing the sign on the door, Mr. Morton was again ordered to the rear of the store. Proceeding to the rear, Mr. Morton inquired whether he had gone far enough. Receiving no answer, and the defendant not being in sight, Mr. Morton ran from the store and called the police.

Two days later Mr. Morton was called to view a line-up at police headquarters. The defendant and two other men were in the "show-up." The defendant was identified by Mr. Morton as the man who had robbed him. On September 22, 1972, information was filed and defendant arraigned on the charge of armed robbery.

Appellant argues that two factors rendered the line-up suggestive and required suppression of the line-up identification. At the time of the line-up, appellant contends he was under the influence of marijuana and the testimony of Morton and the police who conducted the line-up confirms that appellant's appearance was consistent with that being the case. The evidence also shows that appellant was the only one of the three men in the line-up who gave that appearance. Appellant further argues that the matter is significant because Morton testified that the man who robbed him seemed to have been under the influence of drugs. Defendant's second challenge to the line-up is an alleged dissimilarity of defendant's physical characteristics as compared to the two other line-up participants.

Assuming, without holding, that the line-up was in fact unduly suggestive and therefore should have been suppressed, it does not follow that Morton's identification testimony must also be excluded as necessarily tainted. His in-court identification testimony is nevertheless admissible, if his identification had an origin and was on a basis independent of the questioned line-up. State v. Ramsey, 477 S.W.2d 88 (Mo.1972); State v. Carter, 478 S.W.2d 358 (Mo.1972); State v. Brownridge, 459 S.W.2d 317 (Mo.1970).

There is sufficient evidence here that identification of defendant was not the result of a suggestive or "tainted" line-up. Mr. Morton testified that he was in the presence of the defendant for 15 minutes. During that time there were at least 6 opportunities to view the defendant. On three occasions Mr. Morton was able to take more than a fleeting glance at the man's facial features. Mr. Morton studied the defendant at their initial confrontation, when defendant was binding him, and while defendant was telling him what to put on the sign for the door. Morton made it abundantly clear that his unequivocal in-court identification was based on those observations made at the time of the robbery.

Therefore, the identification was independent of any possible "taint" from the line-up, was admissible evidence, and is sufficient to support the conviction.

The judgment is affirmed.