STATE of Missouri, Respondent,

v.

Ross Lee GREEN, Appellant.

No. 9552.

Missouri Court of Appeals,
Springfield District.

Oct. 23, 1974.

**198**

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Dan L. Birdsong, R. M. Becker, Asst. Public Defender, Rolla, for appellant.

JAMES R. REINHARD, Special Judge.

The defendant, Ross Lee Green, was found guilty of the forcible rape of a 17-year-old girl by a Phelps County, Missouri jury. The jury assessed his punishment at twenty years confinement. § 559.260, RSMo 1969, V.A.M.S. He has appealed.

At or about 4:00 p. m. on February 1, 1973, the young victim arrived home from school. Shortly thereafter, a man appeared at her home inquiring about the sale of timber from the property adjoining her home. After learning that her parents would not be home for several hours, he left. Moments later the same man returned, asking for a phone number so that he might contact her parents regarding the sale of the timber. The girl agreed to provide same and after writing the number on a slip of paper returned to the man. At that moment the man grabbed her, forced her into the house and forcibly raped her, advising his victim not to tell anyone of the incident. At 4:36 p. m. she called Troop I Highway Patrol Headquarters. This call came immediately after her initial call to the Rolla Police Department.

The girl indicated to officers that her assailant had been a large man with red hair, wearing a red shirt and driving an old model, green car. At approximately five or six hours subsequent to the time of the rape, troopers of the Highway Patrol had the victim view four suspects. She indicated that none of them had been her attacker. She also examined Troop I's entire photograph file and again was unable to identify the man who had raped her.

The next day, after school, the girl was taken to Troop I Headquarters. She was told that she was there for possible identification of a suspect. As two uniformed troopers escorted defendant into the Troop Headquarters, the girl, waiting in the lobby, immediately exclaimed, "That's the man." Defendant owned a 1953 green Chevrolet.

Defendant contends that the court erred in overruling defendant's motion to suppress any and all evidence and testimony relating to the identification of defendant by the girl for the reason that the one-to-one confrontation at Troop I Headquarters, February 2, 1973, was impermissibly suggestive and tainted the victim's in-court identification of him.

█ Assuming, without holding, that the confrontation at Troop I Headquarters was unduly suggestive, there was, nevertheless, an independent basis for the in-court identification. In-court identification testimony is admissible, if identification had an origin and was on a basis independent of the questioned confrontation. State v. Carter, 478 S.W.2d 358 (Mo.1972); State v. Ramsey, 477 S.W.2d 88 (Mo.1972); State v. Brownridge, 459 S.W.2d 317 (Mo. 1970); State v. Goshon, 506 S.W.2d 99 (Mo.App.1974).

█ The victim had several opportunities to observe the defendant. He came to the door, talked to her and left. He returned. She observed him both times when he was outside the house. She observed him one time in the garage. After

the assault, he stood before her and told her that it would be better for her if she didn't tell anyone what happened.

No other crime offers the opportunity for observation of the perpetrator as the crime of rape, State v. Brownridge, supra.

At the trial, the victim's testimony was that she was "positive" that the defendant was the man who assaulted her. The identification was independent of any possible "taint" from the confrontation at Troop I Headquarters.

The defendant contends that the court erred in giving Instruction S–2–G for the reason that the jury could reasonably conclude that they must believe the defendant's alibi beyond a reasonable doubt before they could find him not guilty.

Instruction S–2–G is as follows:

"The defendant in this case pleads what is known as an alibi; that is, that he was not present at the time and place when and where it is charged the offense, for which he is on trial, was committed.

"It devolves upon the State to prove beyond a reasonable doubt the presence of the defendant at the time and place when and where the offense was committed, if you find it was committed; and if upon a consideration of all the evidence, you have a reasonable doubt of the presence of the defendant at the time and place when and where the offense was committed, if you find it was committed, you will find the defendant not guilty."

This instruction does not shift the burden of proof to the Defendant to prove his alibi defense.

A similar instruction was approved in State v. Tyler, 454 S.W.2d 564 (Mo.1970). There the court held that a "fair reading of the instruction cannot be said to have in any way shifted the burden of proof."

For other cases approving similar instructions see State v. Howe, 343 S.W.2d 73 (Mo.1961); State v. Knicker, 366 S.W.2d 400 (Mo.1963).

The appellant contends that the court erred in failing to sustain defendant's request to explain to the jury the presence of complaining witness' attorney, William W. Hoertel, at the counsel table with the Prosecuting Attorney, for the reason that it gave a false impression that the complaining witness was a special member of the community. The appellant's attorney did not object to the court's comments as to the presence of complaining witness' attorney at the counsel table and in fact said, "All right, Judge." This point preserves nothing for appeal. Supreme Court Rules 28.01 and 79.01.

Judgment is affirmed.

HOGAN, C. J., and STONE, TITUS and BILLINGS, JJ., concur.

FLANIGAN, J., did not participate because not a member of this Court at the time the cause was submitted.