STATE of Missouri, Respondent,

v.

Larry W. BARNES, Appellant.

No. 36624.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 30, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, John H. Marshall, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant Larry Barnes guilty of first-degree robbery and the court sentenced him to ten years' imprisonment.

Defendant raises three points on appeal: Errors in overruling his motion to suppress identification testimony, his motion for a mistrial because of the prosecutor's improper use of a gun for demonstration purposes and his request for a mistrial when photographs were referred to as "mugshots." Defendant does not challenge the sufficiency of the evidence.

Briefly summarized, the State's evidence showed that on May 8, 1974 defendant accosted Calvin Butler in an alley and threatened and pushed him. Defendant's hand was on a gun butt protruding from a paper sack, partially hidden inside his pants. Defendant took $11.25, some keys and other papers from Butler's pockets and fled. Butler reported the incident and gave a description of defendant to two police officers at a nearby store. They began a pursuit but were unable to find defendant. A few days later police came to Butler's house and asked him to look at a book of pictures, but Butler did not recognize his assailant among the pictures. (The book did not then contain defendant's picture.) The police subsequently returned to Butler's house and showed him a group of pictures. Butler "wasn't really sure about" one of them, but the following day he viewed a lineup and "immediately saw the one that robbed him." He also identified defendant in court as his assailant.

Additional testimony will be mentioned as it relates to the points raised on appeal.

In his first point, defendant contends the trial court erred in failing to suppress Butler's in-court identification. He argues that the identification of him was based on photographic exhibits and a lineup which were unnecessarily suggestive and conducive to misidentification, but he does not say how. As to the lineup, he merely states he was the only one there with a limp, that Butler had only a fleeting glance at him and the lineup occurred three weeks after the crime.

We consider the following in determining whether the pre-trial confrontations were unduly suggestive: Opportunity of the witness to fully view defendant at the time of the crime; his degree of attention; accuracy of his prior description of defendant; the level of certainty demonstrated by Butler at the lineup and the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

Defendant's allegation that Butler had only a fleeting glance of his assailant is refuted by the evidence. Butler's testimony throughout the trial indicated he had seen his assailant on numerous occasions before and on the day of the crime. Also, defendant and Butler were face-to-face in close proximity at the time of the attack. That the lineup confrontation occurred three weeks after the crime was not impermissible in view of the certainty of the identification.[1]

The fact defendant was the only one with a limp did not make the lineup unnecessarily suggestive. Butler "saw four persons . . . immediately saw the one that robbed him." He made a positive identification *before* the defendant moved and made his limp noticeable. Butler's unequivocal identification was based on defendant's "face, hair down here and all the rest." [2]

Furthermore, "[p]roof of a source of identification independent of the confrontation itself is enough to overcome a claim of unnecessary suggestiveness." *State v. Jordan*, 506 S.W.2d 74[11–14] (Mo. App.1974). Here, Butler had previously seen the defendant "around the neighborhood a whole lot." On the day of the robbery Butler once noticed his assailant walking with a girl and again saw him at a nearby store. During the course of the crime, Butler saw defendant as he removed the money and other items from Butler's pockets and pointed out defendant to police as he exited from the alley. Butler gave a reasonable description to the police, including the fact that the assailant had a limp. Without suggestion or encouragement from the police, Butler immediately and positively identified defendant upon viewing the lineup. Thus, evidence was that Butler had an independent source of identification which would give considerable support to the admissibility of the subsequent in-court identification. We rule this first point against defendant. *State v. Goshon*, 506 S.W.2d 99 (Mo.App.1974); *State v. Britt*, 504 S.W.2d 38[3] (Mo.1973).

Defendant's second allegation of error concerns the gun butt partially protruding from a paper sack on the counsels' table. No weapon in the instant case had been found. The court sustained defendant's objection to the prosecutor's use of the gun for demonstration purposes, instructed the jury to disregard the sack and the gun butt, but denied defendant's request for a mistrial.

We first note that defendant's objection followed considerable testimony by Butler. The objection was not based on information elicited by prior testimony. It is apparent that its basis was known to defendant at the very commencement of trial. "Error in the admission of evidence in the trial court must be preserved for appellate review by objection . . . made at the earliest opportunity after objectionable character of the evidence becomes apparent." *State v. Simmons*, 500 S.W.2d 325[2] (Mo.App.1973).

1. In *State v. Rutledge*, 524 S.W.2d 449 (Mo. App.1975), this court noted that in *Neil v. Biggers, supra*, the Supreme Court held in view of the reliability of the identification, a lapse of seven months was not impermissible.

2. *Rutledge, supra*, l.c. 456, revealed: "The following facts do not necessarily constitute a valid challenge to the propriety of a lineup: one participant has growth of hair on chin—*State v. Tidwell* [500 S.W.2d 329, (Mo.App.1973)] supra; assailant is bald but another in lineup has full head of hair—*State v. Ealey*, supra, 515 S.W.2d [778] at 780, *State v. Ealey*, 519 S.W.2d 314, 319 (Mo.App.1975); one in lineup is older and wearing hat and coat—*State v. Britt*, 504 S.W.2d 38, 41–42 (Mo.1973); appellant is only one in lineup with a 'weather-beaten face'—*State v. Tomizoli*, 519 S.W.2d 713, 715 (Mo. App.1975). For a complete discussion of allegedly suggestive procedures, see Annot., 39 A.L.R.3d 487, 791 and 1000 (1971).

■ We also find this point without merit. This case is distinguishable from *State v. Mayfield*, 506 S.W.2d 363 (Mo.1974), relied on by defendant. In that case, there was no opportunity to object prior to the prosecutor brandishing before the jury a shotgun not introduced into evidence. The prosecutor had hidden the shotgun beneath a rain coat and asked if any of the jurors had observed it; there had been, however, no evidence of the type of clothing worn by defendant. Significantly, the court also refused defendant's request to instruct the jury to disregard the demonstration.

Here, the court refused to allow the prosecutor to use the gun for demonstration purposes. It was not brandished before the jury. The court positively instructed the jury to disregard it and had it removed from the courtroom.

■ Declaration of a mistrial rests largely in the discretion of the trial court. Our function is to determine whether, as a matter of law, the trial court abused its discretion to the prejudice of the appellant in refusing to declare a mistrial. *State v. Chester*, 445 S.W.2d 393[11, 12] (Mo.App. 1969).

■ When an improper incident occurs during trial and the jury is instructed to disregard it, " . . . the reviewing court, in order to hold that the failure to grant a mistrial was reversible error, must determine and conclude as a matter of law from the entire record that the error was prejudicial and so impressive that its effect was not removed by the action of the trial court." *State v. Dennison*, 428 S.W.2d 573[2–4] (Mo.1968); *State v. Williams*, 486 S.W.2d 221[3] (Mo.1972).

We rule the trial court did not abuse its discretion in denying a mistrial.

In his final point, defendant contends the trial court erred in failing to grant a mistrial following admission of evidence of prior crimes of defendant. This focuses on the testimony of Officer Thomas:

"Q. Let me hand you what's been marked as State's Number 3. Can you tell the jury and for the record what that object is, please?

A. It is what I would call an LB Photo Book.

Q. What does it contain?

A. It contains mugshots and pictures.

Q. Photographs."

Defendant objected and requested a mistrial. The objection was sustained but the mistrial denied. Defendant now alleges that such testimony indicated to the jury he had committed prior crimes.

■ We note initially that defendant made no objection when Butler gave the same testimony in reference to the identification photographs at least twice earlier in the trial. To preserve error for review on appeal it is necessary for an objection to be made at the earliest opportunity so the trial court may set right that which is later to be claimed wrong. *State v. Simmons, supra*, 500 S.W.2d 325[2] (Mo.App.1973).

■ Even if the point had been preserved for review it is without merit. Butler had testified that when shown the photo book by police he did not recognize anyone as his assailant. Subsequent testimony by Officer Thomas revealed defendant's photograph was *not* in the book at the time it was shown to Butler. In the context of the present case, the photo book referred to the one Butler looked at; it did not refer to the group of pictures from which defendant was selected. "So long as the testimony or photograph does not identify the party thus pictured as a criminal there can be no valid objection to an identification based on such a picture." *State v. Tyler*, 454 S.W.2d 564[7, 8] (Mo.1970). See also our recent decision of *State v. Harris*, 534 S.W.2d 516 (Mo.App.1976).

No reversible error being shown, the judgment is affirmed.

KELLY and STEWART, JJ., concur.