**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Johnnie MITCHELL,
Defendant-Appellant.**

**No. 38414.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 25, 1977.

**384**

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Julian Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant Johnnie Mitchell appeals from his conviction for the offense of robbery in the first degree with a dangerous and deadly weapon, §§ 560.120, 560.135, RSMo.1969. A jury fixed punishment at five years imprisonment.

As grounds for reversal, defendant argues that the trial court erred (1) in failing to sustain defendant's motion to suppress in-court identifications; and (2) in admitting evidence obtained by means of a warrantless search.

On February 3, 1975, John Gray, an employee of Chowmobile, was operating the mobile food vending service on the premises of the Brown Shoe Company in St. Louis. Gray was assisted by Nathaniel Holsey, age ten, who resides in a neighborhood near the Brown Shoe Company and who worked for Gray when the latter brought his food service operation to the Brown Shoe location. As he was preparing to close, Gray was approached from behind by a man carrying a gun. Gray turned, the man pulled the gun from his coat pocket, held the gun to Gray's face and demanded money. Gray gave the man the currency he had in his hand and a money changer containing coins, totaling approximately $120.00. Nathaniel Holsey witnessed the incident from a crouched position behind an automobile parked near the Chowmobile truck, out of view of the robber. The man fled on foot up Gamble Street, the street on which young Holsey lived.

When the police arrived, Gray offered a description of the robber, including his approximate age, height and weight, the clothes worn by him, and the fact that he wore a thin goatee and moustache. Nathaniel Holsey recognized the robber, indicating to the police that he had seen the man many times at a house on Gamble, down the street from Holsey's. Holsey led the police to the residence at 2707 Gamble, where several officers knocked and were admitted. Inside they encountered several women and five men, including the defendant. The five men were asked to step outside onto the front porch, where they were informally lined up. The officers requested identification, and as the defendant reached for his driver's license, a .32 bullet fell from his pocket. A pat-down search of all the men was conducted, and $8.60 in change and two more .32 bullets were discovered on the defendant's person.

Standing on the street with another police officer, Nathaniel Holsey positively identified the defendant as the robber from among the five men on the porch. Gray tentatively identified the defendant, and

upon seeing defendant at closer range, positively identified him. Gray relied on his recollection of the defendant's facial features, the goatee and moustache, in identifying defendant as the robber. The identifications were made within thirty minutes following the robbery.

Subsequently, two officers conducted a search of the house and discovered a chrome-plated .32 revolver and a silver metal coin changer. Prior to trial, Gray was shown these items and identified the changer as his and stated that the gun was similar to that used in the robbery.

■ Defendant's first contention is that in-court identifications of defendant by Gray and Holsey should have been suppressed due to the lack of an independent basis for such identifications. In support of his contention, defendant points to the limited opportunity of Gray and Holsey to observe the robber at the time of the incident. Thus, it is argued, the basis for the in-court identification must have been the opportunity to view and identify defendant shortly after the incident as the latter stood on the front porch of the house on Gamble Street. If it is determined that this confrontation was "unnecessarily suggestive and conducive to irreparable mistaken identification," *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), then in the absence of an independent basis of identification, in-court identification testimony must be suppressed.

■ We hold that there was an independent basis for the in-court identification. In-court identification testimony is admissible if identification had an origin and was on a basis independent of the questioned confrontation. *State v. Carter*, 478 S.W.2d 358 (Mo.1972); *State v. Brownridge*, 459 S.W.2d 317 (Mo.1970); *State v. Green*, 515 S.W.2d 197 (Mo.App.1974); *State v. Goshon*, 506 S.W.2d 99 (Mo.App.1974). We must disagree with defendant's suggestion that the victim and the eyewitness were unable to closely observe the defendant in the few moments during which the robbery occurred. Gray stood face to face with the robber long enough to discern the clothes he

was wearing, his facial features, and his thin goatee and moustache. Young Holsey, having seen the defendant on numerous previous occasions, immediately recognized him. The evidence indicates Gray and Holsey had ample opportunity to observe defendant.

■ When there is proof of an independent source upon which a witness's in-court identification is based, as we have found here, it is not necessary to examine the details of the questioned pre-trial identification procedure. *State v. Ross*, 502 S.W.2d 241 (Mo.1973). However, we do not find that the informal lineup was improper. The confrontations occurred within twenty to thirty minutes of the robbery and both witnesses identified the defendant. *See State v. Smith*, 465 S.W.2d 482 (Mo.1971); *State v. Hamblin*, 448 S.W.2d 603 (Mo.1970); *State v. McDonald*, 527 S.W.2d 46 (Mo.App. 1975).

■ As grounds for suppression of in-court identification testimony, defendant also asserts that photographic identification procedures conducted immediately before trial by the prosecutor were unnecessarily suggestive. We reject this point, again pointing out that proof of a basis of identification independent of the questioned identification procedure is sufficient to overcome a claim of unnecessary suggestiveness.

Defendant next contends that the court erred in admitting evidence on items (revolver, coin changer and change) which he alleges were obtained by means of an unlawful search and seizure.

■ In *State v. Harrington*, 435 S.W.2d 318, 320 (Mo.1968), the Supreme Court stated: "It has long been the rule in this state that evidence obtained by means of an unlawful search and seizure by police officers is not admissible in evidence against the person searched where timely objection to the use of such evidence is made * * *. The procedural rules of this state, with an exception not here material, require that the contention of an unlawful search and

# 386

seizure be made by motion to suppress the evidence in advance of trial. * * * The only exception under our procedural rule is where the defendant 'had no reason to anticipate the evidence would be introduced and was surprised.' " The defendant in this case did not file a motion to suppress this evidence, did not assert he was surprised upon introduction of the evidence of which he complains, and did not make a proper objection at the time of its admission at trial. The point therefore has not been preserved for appellate review. *State v. Flynn,* 519 S.W.2d 10 (Mo.1975); *State v. Madison,* 459 S.W.2d 291 (Mo.1970); *State v. Brayfield,* 540 S.W.2d 233 (Mo.App.1976).

The judgment of the trial court is affirmed.

McMILLIAN, P. J., and STEWART, J., concur.