**STATE of Missouri, Respondent,**

v.

**David LITTLE, Appellant.**

**No. 39359.**

Missouri Court of Appeals, St. Louis District, Division Three.

Sept. 26, 1978.

Fredman, Watkins, Fredman & Kopf, Richard A. Fredman, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Kathryn M. Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant David Little appeals from a judgment of the trial court finding him guilty of robbery in the first degree. Defendant waived a jury. The court sentenced him to serve 13 years in prison. For reversal he argues that the court erred by: (1) denying his motion to suppress the identification testimony, and (2) in overruling his motion for a new trial because of the state's failure to make an opening statement.

Due to the issues raised, a brief recitation of the facts is necessary. On January 8, 1977, at around 11:30 a. m., a person approached the desk clerk in the Warwick Motor Inn, a motel in downtown St. Louis, and asked for change for a dollar. The desk clerk, Joseph W. Knott, opened the cash register and reached for the money. At this point, the person pointed a gun at Knott and demanded the money in the cash drawer. Knott dashed away to alert the switchboard operator of this occurrence and summon the police. Knott looked back toward the cash register and saw the robber reaching over the counter and into the cash drawer. The robber, whom Knott later identified as the defendant, then ran from the hotel's front entrance to make his getaway. Knott testified that he had the opportunity to observe the defendant for approximately two to three minutes.

The hotel's manager, William C. Hotze, and a hotel engineer, Charles Angel, were getting off of the hotel's elevator, located approximately 12 feet from the front desk, as the robber, identified by Hotze as defendant, was reaching into the cash drawer. Both hotel employees then chased the defendant out the front door and south on 15th toward Olive. At this point the robber stopped, turned around and pointed his gun at Hotze's head. The defendant then pulled

the trigger twice; however, the gun misfired both times. The defendant then turned away and continued his getaway. Hotze continued his chase. At this point, off-duty Detective Denber Bonds, after observing this chase and hearing calls for help from Hotze, apprehended the defendant near the intersection of 15th and Olive. Detective Bonds testified that the defendant threw his gun and approximately $270.00 to the ground at this time.

The defendant was then given his *Miranda* warnings and taken to the Fourth District Detective Bureau. In a statement made in the presence of Detective Bonds, the defendant admitted taking the money from the hotel. Knott and Hotze were brought to the police station, within an hour of the incident, in order to make an identification. Each testified that they identified the defendant. The identification was made in a room which only included the defendant and a uniformed police officer. Furthermore, the identifications were conducted so that each of these two witnesses was segregated while the other was making his identification of defendant. At trial the state offered the testimony of Knott and Hotze and Detective Bonds to prove its case. Knott and Hotze at trial were positive in their identification of defendant as the man who committed the robbery.

Defendant first argues that the trial court erred in denying his motion to suppress identification testimony because the procedures used at the pretrial show-up were impermissibly suggestive and conclusive to irreparable mistaken identification. The defendant also argues, aside from the allegedly suggestive show-up, that the witnesses did not have an independent basis for the in-court identification.

 When there is proof of an independent source upon which a witness' in-court identification is based, it is not necessary to examine the details of the questioned pre-trial identification procedure. *State v. Ross,* 502 S.W.2d 241, 246 (Mo. 1973); *Simms v. State,* 568 S.W.2d 801 (Mo. App. St.L.Dist., 1978); *State v. Mitchell,* 558 S.W.2d 383, 385 (Mo.App.1977); *State v. McDonald,* 527 S.W.2d 46, 47 (Mo.App.1975); *State v. Green,* 515 S.W.2d 197, 198 (Mo. App.1974); *State v. Davis,* 507 S.W.2d 32, 34 (Mo.App.1974). We find that the questioned in-court identification had a basis independent of the questioned confrontation.

We can not accept defendant's argument that the time of confrontation during the crime between each witness and the assailant was too short to make an indelible impression on the witnesses' minds. Knott had a close face-to-face confrontation for a period of two to three minutes.[1] Hotze saw him during the robbery, the chase, and the apprehension. Further, both witnesses had a gun pointed at his head by the defendant.

Defendant next argues that the court erred in overruling his motion for a new trial because of the state's failure to make an opening statement as required by Rule 26.02(2).

Rule 26.02(2) provides as follows:

"(2) The prosecuting attorney *shall* make his opening statement outlining the evidence which will be offered in said case, and the counsel for the defendant may immediately thereafter make the opening statement for the defendant or he may reserve such opening statement until after the conclusion of the state's case-in-chief." (Emphasis added.)

Defendant argues that the use of the word "shall" in the rule makes this provision mandatory. The state argues, however, that because the case was tried without a jury, the requirement of an opening statement is unnecessary. In essence, the state argues that Rule 26.02(2) is only applicable in jury tried cases. In fact § 546.070, RSMo

1. *State v. Hardin,* 555 S.W.2d 27, 29 (Mo. banc 1977) (one and a half minutes); *State v. Patterson,* 465 S.W.2d 599, 601 (Mo.1971) (two minutes).

1969 provides that after a jury has been impaneled "(1) The prosecuting attorney must state the case and offer the evidence in support of the prosecution; . . .." However, it has been held that the requirement that the state make an opening statement is mandatory under § 546.070, RSMo 1969. *State v. Loeb,* 190 S.W. 299, 303 (Mo.1916). A dual purpose has been attached to the requirement of an opening statement: to advise the jury of the facts which the state expects to prove, and to inform the defendant of the contemplated course of the prosecution in order that the defendant can meet the charge against him. *State v. Ryun,* 549 S.W.2d 141, 145 (Mo.App. 1977); *State v. Deppe,* 286 S.W.2d 776, 780 (Mo.1956). If one of the purposes of the opening statement is to inform the defendant, as our courts have held, the requirement of the state's opening statement exists in a court tried as well as a jury-tried criminal case.

However, despite the fact that an opening statement should have been given by the prosecutor in accord with Rule 26.-02(2), and § 546.070, RSMo 1969, there was no resulting prejudice to the defendant from such an error. Initially, in this case there was a plea proceeding at which time there was a complete statement made by the prosecutor, in the presence of the defendant, with regard to the evidence the state expected to adduce if the case went to trial. The court refused to accept defendant's plea of guilty and defendant waived a jury. Thus, under these circumstances, the defendant had been apprised of the facts to be relied upon by the state for conviction. No confusion or surprise resulted from the failure of the prosecutor to make an opening statement, and the defendant was apprised of the facts so that he could fairly meet the accusations made against him. Defendant fails on this point.

Accordingly, the judgment of the trial court is affirmed.

GUNN, P. J., and KELLY, J., concur.