STATE of Missouri,
Plaintiff-Respondent,

v.

Jewell WILLIAMS, Defendant-Appellant.

No. KCD 29548.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Jeffery L. Alena, Gepford & Sears, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jill Whitley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals her conviction for possession of a Schedule II controlled substance. Defendant raises a narrowly circumscribed issue concerning the seizure of the controlled substance and a claim of plain error in the failure of the prosecutor to make an opening statement in the bench trial.

The first issue, the claim of error with respect to the denial of defendant's motion to suppress, is upon a very narrow ground.

The defendant concedes that the police officers who arrested her were in possession of reliable information that she was carrying a weapon in her purse, and that the officers had probable cause to search the defendant's purse, and that the intrusion of the officers into her purse was lawful. Defendant also concedes that the discovery of the pill bottles by the officers during that search was inadvertent.

The defendant's claim is that the police seizure of the controlled substances was invalid because they did not have a sufficient factual basis to determine that the substances seized were contraband. The defendant cites *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), for the proposition that the incriminating nature of the evidence seized under the plain view doctrine must be immediately apparent. The case law, however, has made it clear that the "immediately apparent" requirement of *Coolidge* requires only a reasonable basis for the officer's belief or suspicion that the object is contraband. *United States v. Wilson*, 524 F.2d 595 (8 Cir. 1975), *cert. denied*, 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976); *State v. Collett*, 542 S.W.2d 783 (Mo. banc 1976); *State v. Dayton*, 535 S.W.2d 479 (Mo.App.1976).

In this case, at the time of the defendant's arrest and the search of her purse, the following circumstances existed: when the officer looked into the defendant's purse, he saw an unusually large bottle, approximately 2 inches by 4 inches. The bottle was transparent and obviously contained a large number of a variety of pills and capsules. Four other containers of pills were also visible, as well as numerous other pills lying loose in the purse. The officer specifically recognized mini-whites, a narcotic with which he had had previous experience, among the pills. The argument of the defendant is that the police must know that the substance is narcotic before they can seize it under plain view doctrine. That position is untenable. Only chemical analysis could give certain knowledge of the nature of the substance.

On the second issue, defendant asserts that the failure of the State to make an opening statement is plain error pursuant to Rule 27.20(c). There is no question that in this bench trial the prosecutor did not make an opening statement. Rule 26.02 and § 546.070 RSMo 1969, provide that the State has the duty of making an opening statement. The purpose of such a statement is to inform the defendant of the nature of the prosecution's case and to enable the defendant to fairly meet the charges preferred against him. However, when the defendant asserts that error has been committed but not preserved and, therefore, can only be reviewed under Rule 27.20(c), there must be a demonstration of prejudice arising from the error sufficient to result in a manifest injustice or miscarriage of justice. Such a claim of manifest injustice must be supported by some kind of a factual showing. *State v. Graham*, 527 S.W.2d 936 (Mo.App.1975).

The only prejudice asserted by the defendant under the facts of this case is that she was unable to know the evidence to be presented against her. That conclusion is not supported by the facts of this case. The two officers who testified at the pretrial hearing on the suppression of evidence did not testify in the bench trial which immediately followed the motion, it having been stipulated that the evidence considered on the motion could be considered by the court in connection with the trial. The only significant additional evidence the State introduced was a lab report showing the nature of some of the capsules found in the defendant's purse. Defendant does not suggest in any fashion that the lack of an opening statement prejudiced the defense she offered, which was lack of knowing possession, nor inhibited any other defense she might have offered. *State of Missouri v. David Little*, 572 S.W.2d 871 (Mo.App.1978), on analogous facts, finds no

prejudice and supports the holding in this case. There is simply no basis to find manifest injustice justifying reversal under Rule 27.20(c).

Judgment and conviction are affirmed.

All concur.