**STATE of Missouri, Respondent,**

v.

**Robert PERRY, Appellant.**

**No. 41235.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

James T. McCaffrey, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, James R. Cumbee, Asst. Attys. Gen., Jefferson City, John D. Chancellor, George A. Peach, Circuit Attys., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction of robbery first degree and the court imposed sentence, pursuant to the Second Offender Act, of fifteen years in the Department of Corrections.

At approximately 2:45 a. m. on March 18, 1978, Henry Groves was accosted by two males as he returned to his home. The two men produced handguns and compelled Groves to surrender his wristwatch, his ring, his leather jacket and about thirty dollars. They then entered a red pick-up truck occupied by another male and departed from the scene.

Groves notified the police of the incident and Officer Jerry Bradshaw responded to the call. The victim related the facts concerning the robbery and Bradshaw relayed the description of three Negro males in a red pick-up truck to the police dispatcher. Sometime later, after receiving this information, other police officers stopped a red pick-up truck occupied by three Negro

males. Officer Bradshaw conveyed the victim to the scene where the other officers had the three men in custody. Groves identified two of the three men, one being defendant, as the men who robbed him. He also identified a watch and a leather coat discovered during a search of the vehicle as his property.

Defendant moved to suppress any out-of-court and in-court identification by the victim claiming that the show-up had been unnecessarily suggestive and that it had thereby irreparably tainted any identification by the victim. The motion was overruled by the court after an evidentiary hearing. As his sole point on appeal, defendant argues that the trial court erred when it denied his motion.

█ At the outset, we note that defendant has failed to properly preserve this point for review. First, he did not file a timely motion for new trial. A motion for new trial must be filed within ten days after the jury's verdict, however, the court may extend the time for filing the motion an additional thirty days. Rule 27.20(a). Here, the verdict was returned October 13, 1978. The defendant requested and was granted until December 8, 1978, to file his motion for new trial. This date, however, was beyond the maximum date permitted by the rule[1] and therefore the motion was a nullity and preserved nothing for review. *State v. Gay*, 523 S.W.2d 138, 141 (Mo.App. 1975). Second, defendant waived his right to raise this issue on appeal because he neglected to object to the victim's identification testimony at trial. *State v. Brownridge*, 459 S.W.2d 317, 320 (Mo.1970); *State v. Stamps*, 569 S.W.2d 762, 766 (Mo.App. 1978).

█ Regardless, we have examined the record and find that the trial court did not err in overruling defendant's motion to suppress identification testimony. The opportunity to observe the defendant and the identification procedures used here were very similar to those in *State v. Little*, 572

S.W.2d 871 (Mo.App.1978). Therein, we said: "When there is proof of an independent source upon which a witness' in-court identification is based, it is not necessary to examine the details of the questioned pretrial identification procedure." *Id.* at 873.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

1. Under the forty days permitted by the rule, November 22, 1978 was the last day for defendant to file his motion.