STATE of Missouri, Respondent,

v.

Thomas LOCKE, Appellant.

No. 43953.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven H. Akre, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted in a court-tried case of four counts of sexual abuse, first degree, violations of § 566.100 RSMo. Supp. 1979.[1] He was sentenced to a term of five years each on the first three counts to run concurrently and to a term of two years on the fourth count to run consecutively to the other sentences. Defendant appeals. We affirm.

The evidence established that the defendant, age 20, was living with his sister, her husband and their three girls, age 9, 8 and 7. Defendant was charged with subjecting each of the three girls to two acts of sexual contact for a total of six counts of sexual abuse. He was acquitted of the two counts related to the youngest girl.

The two older girls, age 10 and 9 at the time of trial, testified that the defendant walked them home on the first day of school in September, 1979. They both testified that defendant had sexual contact with them on that day, and on at least one other occasion. In addition, their mother testified to incriminating statements made by the defendant to her in telephone calls and correspondence. In support of his defense of insanity, the defendant introduced doctors' testimony and medical records from two mental hospitals where he had been hospitalized.

On appeal, his principal complaint is that the court erred in permitting the two older girls to testify at trial. A child under 10 years of age is presumed incompetent to testify and a child over 10 is prima facie a competent witness. Section 491.060 RSMo. 1978. Both presumptions are rebuttable, and to a large degree the determination of competency is left to the discretion of the trial court. The test of competency of a child involves four fundamental elements, each of which should be present to find competence. They are: (1) Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) Mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) Memory sufficient to retain an independent recollection of the observations made; and (4) Capacity truly to translate into words the memory of such observation. *State v. Young*, 477 S.W.2d 114, 116 (Mo.1972).

Defendant charges specifically, as to the 10 year old, that she did not meet the fourth requirement, a capacity to translate into words the memory of an observation. He also charges that the 9 year old did not satisfy the second, third and fourth requirements.

The court held a competency hearing prior to trial, and after making an affirmative finding as to each of the four elements of competency, determined that they were competent to testify. The court's determination that these children were qualified to testify can be reversed only for a clear abuse of discretion. *State v. Singh*, 586 S.W.2d 410, 416–17 (Mo.App.1979); *State v. Young, supra.*

We have examined the testimony of these young witnesses at the competency hearing and their testimony at trial, as we must do in reviewing their competency as witnesses, *State v. Hastings*, 477 S.W.2d 108, 112 (Mo.1972), and find defendant's claims are without merit. The ten year old

---

1. "A person commits the crime of sexual abuse in the first degree if: ... [h]e subjects another person who is less than twelve years old to sexual contact."

victim knew her name, age, birthday, year of birth, her grade school, her school teacher, her address and her relatives. The younger girl also knew these items. Both girls testified with sufficient particularity as to sexual contact with defendant and it is clear both were observant, could remember the events and had the verbal capacity to answer the questions asked.

We will concede that in some respects there were inconsistencies in both victims' testimony. Both girls were obviously scared and embarrassed. In view of their age, and the nature of the offense charged, this is to be expected and may be taken into account by the trial court. The court had ample opportunity to observe their demeanor and we cannot say that the court abused its discretion in finding that these two girls were competent as witnesses. The inconsistencies noted by the defendant affect their credibility rather than their competency. *State v. Williams*, 545 S.W.2d 680, 681 (Mo.App.1976).

■ Defendant's final point is that the court erred in overruling his motion to dismiss the state's case at the end of the opening statement. We held in *State v. Little*, 572 S.W.2d 871 (Mo.App.1978) that the state was required to make an opening statement in a court-tried case as well as a jury-tried criminal case. One of the purposes of the opening statement is to inform the defendant of the contemplated course of the prosecution in order that the defendant can meet the charge against him. Our review of the opening statement here leads us to conclude that the state has fulfilled its obligation.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.