**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Leroy WILKERSON, Jr.,
Defendant-Appellant.**

No. 44352.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1982.

---

1. Instruction No. 11 reads as follows:

   Stuart Cofman, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a conviction of burglary in the first degree and stealing over $150.00. §§ 570.030 and 569.160 RSMo. (1978). The judgment is affirmed.

Appellant raises four points on appeal. He asserts the trial court erred: (1) in refusing to strike the jury panel when the state systematically excluded all the blacks with its peremptory challenges; (2) in permitting the state to ask several questions in cross-examination of appellant's brother, Kenneth Wilkerson, concerning a missing witness; (3) in permitting the state to request an expanded penalty in the rebuttal portion of its closing argument; and (4) in instructing the jury to consider assessing a fine and in giving instructions 6 and 7 because the instructions are inconsistent.

There was no challenge to the sufficiency of the evidence. The jury could have found that on September 7, 1980, at approximately 1:30 p. m. two men robbed Mr. and Mrs. Nathan Friedman's home at 7293 Delmar, University City, Missouri. Based on Mrs. Friedman's identification, appellant was one of the two men. The robbers took $12,000 in jewelry. The jewelry had not been recovered at trial time.

The jury returned a verdict of guilty on both counts. The jury recommended 5 years in the penitentiary on the burglary charge and 1 year in the county jail and a $2,000 fine on the stealing charge. The judge sentenced appellant to 5 years on the burglary charge, execution of the sentence to be suspended and appellant to be put on five years probation. For the stealing charge, the court sentenced appellant to 1 year in the county jail with no probation. The court assessed no fine.

Appellant first asserts that the trial court erred in failing to strike the jury panel after the prosecutor's peremptory challenges removed all blacks from the jury panel. Appellant argues the prosecutor's actions violated appellant's right to have a jury from a fair cross-section of the community. The point is ruled against appellant.

■ The constitutional right to trial by jury in criminal cases entitles appellant to a jury selected from a fair cross-section of the community. *Duren v. Missouri,* 439 U.S. 357, 359, 99 S.Ct. 664, 666, 58 L.Ed.2d 579 (1979); *Taylor v. Louisiana,* 419 U.S. 522, 528, 95 S.Ct. 692, 696, 42 L.Ed.2d 690 (1975). Appellant, however, has no right to any particular proportional representation of any certain group on his particular jury. *Taylor v. Louisiana, supra* at 538, 95 S.Ct. at 701.

■ The United States Supreme Court has determined that the right of the litigants to unexplained peremptory challenges to prospective jurors is very important to selecting an impartial jury. *Swain v. Alabama,* 380 U.S. 202, 220–221, 85 S.Ct. 824, 835–836, 13 L.Ed.2d 759 (1965). The usefulness of peremptory challenges is so high that all peremptory challenges in a particular case are presumed to be for a proper reason and not with the intent to deprive a defendant of his right to have his jury selected from a fair cross-section of the community. *Swain v. Alabama, supra* at 221–222, 85 S.Ct. at 836–837.

■ The presumption can be rebutted, however, by showing a consistent, systematic pattern of the local prosecutor in using his peremptory challenges to remove a particular group from serving on any jury in any criminal trial. *Swain v. Alabama, supra* at 224, 85 S.Ct. at 838; *State v. Brown,* 527 S.W.2d 15, 19[7, 8] (Mo.App.1975).

■ Appellant, in this case, said he had no evidence of systematic exclusion by the state of blacks from juries in St. Louis County. The trial court, therefore properly denied appellant's motion to strike the panel.

Appellant's next points concern the prosecutor's cross-examination of Kenneth Wilkerson. These points are also ruled against appellant.

■ First, appellant claims the trial court erred in refusing to declare a mistrial when the prosecutor asked Kenneth whether he knew Frank Frost was endorsed by the state as a possible witness. Appellant's counsel objected and the objection was sustained. A mistrial is a drastic remedy and lies purely within the broad discretion of the trial court, and will not be overruled unless there is a clear abuse of that discretion. *State v. Carlos,* 549 S.W.2d 330, 332[1, 2] (Mo.banc 1977); *State v. Guernsey,* 577 S.W.2d 432, 435[1] (Mo.App.1979). There was no abuse of discretion here.

Appellant cites two cases to support his contention that a mistrial should have been declared. *State v. Selle,* 367 S.W.2d 522 (Mo.1963) and *State v. Allen,* 363 Mo. 467, 251 S.W.2d 659 (1952). Both these cases, however, involved repeated, flagrant, prejudicial questions and comments by the state. The possible prejudice created in this case was far less severe than that in *Selle* or *Allen.* The denial of a mistrial here was well within the trial court's discretion and was not error.

■ Appellant also insists the trial court erred in permitting the prosecutor to ask Kenneth whether he knew where Frost was. Appellant, however, failed to object when the question was asked and answered at trial. Appellant further failed to include this point in his motion for new trial. He, therefore, preserved nothing for review. *State v. Franco,* 544 S.W.2d 533, 537[7] (Mo. banc 1976) *cert. den.* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977); *State v. Goff,* 496 S.W.2d 820, 821[1] (Mo.1973).

■ Appellant also complains about the prosecutor's asking Kenneth about Kenneth's prior statements. Prior statements inconsistent with trial testimony may be used for impeachment. *State v. Ivicsics,* 604 S.W.2d 773, 780[16] (Mo.App.1980); *State v. Rapheld,* 587 S.W.2d 881, 889[9] (Mo.App.1979). The prosecution laid a proper foundation for asking about Kenneth's prior statements by giving a specific place and time that the statements were made and to whom the statements were made. *State v. Graves,* 588 S.W.2d 495,

498[2] (Mo.banc 1979); *State v. Ivicsics, supra.* The point has no merit.

Appellant cites *State v. Hale,* 371 S.W.2d 249, 253[4] (Mo.1963) to support his contention, but *Hale* has no application here. In *Hale,* the question was whether a police report should be produced.

■ In appellant's next point he contends the trial court erred in permitting the prosecutor to ask for an additional penalty in the second part of his argument that he did not ask for in the first part. Appellant claims the prosecutor asked for a fine in the second portion of his argument. No such request exists in the record. The prosecutor emphasized the magnitude of the theft, $12,000 worth of jewelry, but he did not ask for a fine. The point is meritless.

■ Appellant last complains about two instructions. Appellant claims that instruction 6, the verdict director on the stealing charge, MAI–CR 2d 24.01.1, was erroneous because it incorrectly instructed the jury to consider assessing a fine. Second, appellant claims instruction 6 and 7 should not have been given because the instructions were contradictory. Instruction 7 was MAI–CR 2d 2.60. Appellant argues instruction 6 tells the jury that it assesses fines and instruction 7 tells the jury that the trial court assesses any fine. Regardless of whether giving these instructions was error this court finds appellant was not prejudiced. The court assessed no fine. Because there was no prejudice, the error, if any, would not support a reversal. *State v. Kurtz,* 564 S.W.2d 856, 861[11, 12] (Mo.banc 1978).

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.