STATE of Missouri, Respondent,

v.

Dale Richard RUSSELL, Appellant.

No. WD 33533.

Missouri Court of Appeals,
Western District.

Nov. 9, 1982.

W. Geary Jaco, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John Jacobs, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., Presiding, and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for attempting to commit forcible rape in violation of § 564.011 and § 566.030, RSMo 1978. The judgment is affirmed.

Appellant's sole point on this appeal charges the trial court abused its discretion in allowing the alleged victim to testify because of her age and because her own testimony revealed she was not capable of understanding the oath, and there was no showing she could truly observe and register the incident charged and retain any independent memory of it.

The record reveals that appellant went to the residence of the victim on August 10, 1981 to place a citizens band radio in the automobile of the victim's father. The father was home, but outside working on the radio. The mother was at work. The victim, aged seven years both at the time of the offense and trial, testified that appellant entered the house and carried her down to the basement. Once in the basement, the victim stated that appellant laid her on a couch and unsnapped her pants, pulled her pants down and then pushed hard against her vagina with his penis. A sister of the victim, aged 11 years, testified that she saw her sister (the victim) come up the stairs from the basement crying and that appellant was following her, buckling his pants. The victim told her sister what happened. The sister called the police, but later called the police back, telling them that nothing had happened. The reason given for the call back was fear by the girls that the victim would get into trouble.

The record also revealed a medical exam (three days later) which, according to the examining physician, showed excoriation or breaking of tissue, bleeding, bruising and laceration in the genital area. It was the conclusion of the medical expert that the injuries were consistent with sexual assault and that the injuries were caused by an adult penis.

Appellant testified he went into the victim's house three times on the date in question, but denied attempting the rape of the victim.

The evidence closed. The jury returned its verdict of guilty. Following the overruling of timely filed after trial motions, this appeal followed.

Under his sole point, appellant does not dispute that the competency of a person to testify rests within the sound discretion of the trial court and that reviewing courts will not disturb a ruling thereon absent a showing of a clear abuse thereof. *State v. Gibson,* 623 S.W.2d 93 (Mo.App.1981) (reversed on other grounds); and *State v. Kennell,* 605 S.W.2d 819 (Mo. App.1980). Our courts have recognized, for purposes of determining the competency of a child witness, four elements. Before noting these four elements, it should be pointed out that a child under the age of ten years is presumed incompetent to testify, but that presumption is rebuttable. *State v. Locke,* 625 S.W.2d 631, 632 (Mo.App. 1981).

The four elements referenced above are:

"(1) present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth;

(2) sufficient mental capacity at the time of the occurrence to observe and to register such occurrence;

(3) memory sufficient to retain an independent recollection of the observations made; and

(4) capacity to translate into words the memory of such observations."

Following voir dire of the victim/witness, the trial court made a specific finding on the four above elements as related to the competency of this witness. Appellant charges there was no evidence as to two of the above four elements. Appellant attacks (2) and (3) above, charging that there was no evidence as to either.

There is no evidence upon this record which reveals any mental deficiency or retardation of the victim herein. The challenge to the witness's competency goes to her age and inability to observe, record and relate the alleged occurrence.

Appellant contends there were no questions or responses elicited which dealt with the victim's ability to observe and register her observations of the occurrence in question. (No. (2) above) This court cannot agree, for both upon voir dire and at trial, the victim evinced an ability to observe and register her observations of the occurrence. Upon the voir dire, she responded affirmatively to a question: "Okay, now Dale Russell did some things to you?" She then responded affirmatively as to whether she could tell the truth about what appellant did. At trial, upon both direct and cross-examination, the victim related details of the occurrence which established her ability to observe and register her observations. She related how appellant, against her will, carried her to the basement; she hit appellant on the arm; appellant laid her on the couch, unsnapped her pants and unsnapped his pants; that he lay on top of her; she knew what a male penis was; that she saw his penis and that it was larger than her brother's; and that appellant pushed hard on her vagina.

Unlike *Locke,* the appellant does not challenge the victim's competency on inconsistent statements, but rather, that the victim did not possess the ability to observe and register her observations of the occurrence in question. There is no doubt that many leading questions were asked of this witness, and the trial court exercised a close scrutiny over their use. By the same token, it cannot be said upon this record, that the victim/witness lacked the ability to observe and register her observation of the occurrence in question. Her testimony, quite to the contrary, dispels this contention.

Appellant further charges the victim/witness was incompetent to testify because she lacked memory sufficient to retain independent recollection of the observation made. (No. (3) above) Appellant again restricts his reference to the voir dire examination of the victim/witness, charging she was asked only about current or present facts (i.e., her address, her siblings and her teacher's name, to list a few). It needs to be pointed out that the voir dire of a child witness need not be altogether consistent before he/she is qualified to testify. *State v. Price,* 513 S.W.2d 392 (Mo.1974) and *State v. Dayton,* 535 S.W.2d 479 (Mo. App.1976).

The voir dire of this witness revealed more than just that contended by appellant. It included questions and responses thereto regarding appellant's having done something to her; that she could tell the truth about those things; that her sister was home as well as her father; and that while she had discussed the matter with her mother and the prosecutor, nobody had told her what to testify to regarding the occurrence, her birthdate, and what it means to lie and what it means to tell the truth. At trial, the victim/witness, both upon direct and cross-examination, related facts which directly depended upon sufficient memory to retain an independent recollection of her observation. There is no merit to appellant's challenge that the victim/witness lacked memory sufficient to retain an independent recollection of her observations made at the time of the occurrence.

As a closing note, appellant attempts to bolster his attack upon the trial court's ruling as to competency of the victim/witness by pointing out that the victim/witness "did not understand the oath" (i.e., at the time of trial), and that she "did very little testifying."

As to this first contention, the record dispels appellant's conclusion. The record reveals that on voir dire, the victim/witness, when asked if she knew what it meant

to take an oath, answered affirmatively; and then when asked, "What does that mean?", she answered, "That you raise up your hand and swear." Further, when asked, "And that means you will tell the truth?", she answered, "Yeah."

At trial, the victim/witness was called to the stand and asked to raise her right hand. She raised her left hand. The court then told her to raise her right hand. The witness responded, "this one" and raised her right hand. The court then asked if she could respond to the oath from the clerk, and the witness answered, "No." Then the court asked the victim/witness, "R_____, will you promise me that you will tell these people here the truth today?" The victim responded, "Yeah." The court asked her, "And only the truth?", and she nodded affirmatively. The court then asked, "And you swear and promise to do that?", to which the victim/witness also nodded affirmatively. Under the whole of the facts and circumstances of the instant case, it cannot be concluded that the victim/witness "did not understand the oath." Quite to the contrary, the victim/witness displayed an understanding of the purpose of the oath.

Appellant concludes his argument by charging that the victim/witness displayed incompetency because she did "very little testifying." Appellant intimates that the testimony in the main came from the prosecutor because of the leading and suggestive nature of the questions. Appellant's counsel vigorously objected to the state's questioning. The record reveals that the trial court was attentive to the situation. From the whole of the record, it cannot be concluded that the victim/witness's testimony was incompetent because critical questions were asked in a form neither leading nor suggestive to which the victim/witness responded and which gave an accounting of the facts of the offense for which appellant was convicted. There is no merit to the last two contentions of appellant.

There is no showing of an abuse of discretion by the trial court herein, and appel-lant's sole alleged error is shown to lack merit. It is ruled against appellant.

Judgment affirmed.

All concur.