STATE of Missouri, ex rel., George R. "Buzz" WESTFALL, Prosecuting Attorney of the County of St. Louis, State of Missouri, Relator-Appellant,

v.

The Honorable George R. GERHARD, Judge, Division 31 Twenty-First Judicial Circuit State of Missouri, Respondent-Respondent.

No. 47823

Missouri Court of Appeals, Eastern District, Division One.

July 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied Oct. 9, 1984.

George R. Westfall, Peter J. Krane, St. Louis, for relator-appellant.

John T. Sluggett, III, Clayton, for respondent-respondent.

SNYDER, Presiding Judge.

Appellant sought to halt the dismissal of a criminal case in the associate circuit court of St. Louis County by prohibition or mandamus. This is an appeal from a judgment quashing the circuit court's preliminary writ of prohibition. The circuit court quashed the preliminary writ after respondent filed an answer to the writ and both parties filed suggestions of law. Relator appeals. The judgment is affirmed.

Appellant, the prosecuting attorney of St. Louis County, brought a misdemeanor charge of driving while intoxicated, § 577.-010 RSMo.1978, against William J. Mix in the associate circuit court of St. Louis County. Appellant failed to make an opening statement at the trial. Instead, the prosecuting attorney proceeded immediately with direct examination of the state's only endorsed witness, the arresting police officer. After the prosecutor had concluded his examination of the officer, Mix moved to dismiss the charges because of appellant's failure to make an opening statement. The motion to dismiss was granted.

Appellant then sought a writ of prohibition or mandamus from the St. Louis County circuit court to halt the dismissal of the case. The circuit court issued its preliminary writ which was later quashed and the prosecuting attorney now appeals.

Mix, on behalf of respondent trial judge, asserts that this appeal should be dismissed because appellant failed to preserve anything for review by seeking an extraordinary writ from the circuit court rather than taking an immediate appeal to this court. Respondent's motion to dismiss, which was taken with the case is denied.

■ The denial of a writ of prohibition by a circuit court is not appealable, but when the circuit court issues a preliminary writ which is subsequently quashed, a question of law and fact has been determined by the trial court and the order quashing the writ is a final appealable judgment. *State ex rel. River Cement Co. v. Pepple*, 585 S.W.2d 122, 123[1] (Mo.App. 1979); *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159, 160–161[4–5] (Mo.App. 1970).

Appellant·contends the trial court erred in dismissing the charges because (1) the state had fulfilled the purpose of an opening statement by other means; (2) Mix waived objection to the requirement of an opening statement because he failed to move to dismiss the case until after the state completed the direct examination of the police. The points are denied and the judgment affirmed.

In relator's first point he argues it was error for the respondent associate circuit judge to grant the motion to dismiss the

charge against Mix because the state had met the purpose of an opening statement.

A prosecuting attorney must make an opening statement as required by § 546.-070 RSMo. 1978 which reads in part as follows:

"The jury being impaneled and sworn, the trial may proceed in the following order:

■ The prosecuting attorney *must* state the case and offer the evidence in support of the prosecution;" (emphasis supplied).

See also Rules 27.02(d) and 27.03.

■ An opening statement by the state is mandatory under the statute and rules. *State v. Loeb*, 190 S.W. 299, 303[1] (Mo. 1916). This court is bound to follow the *Loeb* supreme court opinion. Old though it is, it has not been overruled.

■ The statutory requirement of an opening statement is applicable to both jury tried and court tried cases. *State v. Little*, 572 S.W.2d 871, 874 (Mo.App.1978).

■ Therefore, the associate circuit court trial judge ruled properly.

Appellant relies on *State v. Little, supra,* and *State v. Williams,* 575 S.W.2d 863 (Mo.App.1978). Although the appellate courts in both those cases failed to reverse convictions after the state failed to make an opening statement, the cases are distinguishable.

In *State v. Little* the court conceded that it was error to omit the opening statement but held it harmless error. There had been a plea proceeding at which a complete statement had been made by the prosecuting attorney. The court refused to accept the guilty plea, defendant waived a jury, and the cause proceeded to trial. The defense had been completely apprised of the facts of state's case so he could fairly meet the accusations made against him. The purpose of the opening statement requirement had been satisfied.

In *State v. Williams, supra,* another court tried case, the defendant raised the point concerning the failure to make an opening statement as plain error. The re-

viewing court found that the defendant knew the evidence to be presented against him and that there was no prejudice and hence no manifest injustice under Rule 27.-20(c) (now Rule 29.12(b)). 575 S.W.2d at 864–865.

Appellant then alleges that it was error to dismiss because no objection was made until after the state had interrogated its only witness and therefore the objection was waived. This point, too, is denied.

■ There was no evidence of a waiver, that is, the intentional relinquishment of a known right. The burden of establishing a waiver lies with the party relying on it. Appellant did not meet that burden.

The cases cited by appellant are inapposite. None involved the state's failure to make an opening statement.

Therefore, the judgment of the trial court quashing the preliminary writ is affirmed.

STEWART, J., and JOHN E. PARRISH, Special Judge, concur.