STATE of Missouri,
Plaintiff-Respondent,

v.

Steven F. SMITH, Defendant-Appellant.

No. 13573.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 19, 1984.

John D. Ashcroft, Atty. Gen., Richard Baugh, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Steve Carlton, Carthage, David Robards, Public Defender Comm., Joplin, for defendant-appellant.

TITUS, Presiding Judge.

Defendant was jury-convicted of the class B felony of sodomy (§ 566.060) [1] and, per the verdict, was sentenced to imprisonment for a term of eight years. § 558.011–1(2). He has appealed.

---

1. Statutory references are to V.A.M.S. Rule references are to V.A.M.R. Sodomy, per § 566.-060, refers to a person who "has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Section 566.010(2) defines deviate sexual intercourse as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." Defendant was accused of having his daughter perform sodomy per os upon him.

In his first point relied on defendant claims the trial court erred in permitting his daughter, the alleged victim of the sodomy, to testify because, being less than ten years old, she was presumed to be incompetent to testify and it was never demonstrated that she possessed sufficient mental capacity at the time of the charged offense to observe and register the occurrence or that she had memory sufficient to retain an independent recollection of her observations so as to make her competent to testify.

Inter alia, § 491.060 provides: "The following persons shall be incompetent to testify: ... (2) A child under ten years of age, who appears incapable of receiving just impressions of the facts respecting which he is examined, or of relating them truly; ...." In conjunction with this statute, the courts have repeatedly observed that in determining the competency vel non of such a child it must be shown that the child possesses (1) present understanding of or an intelligence to understand, on instruction, an obligation to speak the truth, (2) mental capacity at the time of the occurrence in question to observe and to register such occurrence, (3) memory sufficient to retain an independent recollection of the observations made, and (4) capacity truly to translate into words the memory of such observation. *State v. Parton,* 487 S.W.2d 523, 525 (Mo.1972); *State v. Smith,* 641 S.W.2d 463, 466[3] (Mo.App.1982). At the time of the alleged offense on June 19, 1983, the daughter was over 7½ years of age and had just completed the first grade in school. She was 8 years old on the date of trial, October 31, 1983, having attained that age shortly before on October 16, 1983.

■ For an infant to be competent to testify, he need not know the meaning of an oath as long as he understands the difference between truth and falsity. *State v. Smith,* supra, 641 S.W.2d at 466[4]. Albeit a child under ten years of age is presumed incompetent as a witness,

the presumption is rebuttable. The competency of such a person to testify rests within the sound discretion of the trial court and an appellate court will not disturb the trial court's ruling thereon absent a demonstration of a clear abuse of that discretion. *State v. Russell,* 642 S.W.2d 136, 137[1, 2] (Mo.App.1982). Determination of the testimonial competency of a child rests upon the whole of his testimony and his voir dire examination need not be meticulously consistent before he will qualify to testify at trial. *State v. Gibson,* 623 S.W.2d 93, 98 (Mo.App.1981).

■ The court extensively questioned defendant's daughter outside the hearing of the jury before declaring her competent to testify as a witness. She correctly stated her age, her birthday and the fact that she had attained the age of 8 years about two weeks before trial time. Albeit the child did not comprehend the meaning of an oath, she acknowledged that by promising to tell the truth "Something bad" would happen to her if she did not tell the truth. She was aware that her father was on trial for things he had done to her when she visited him at the home of his grandparents where he was staying and she knew the names of the grandparents. The bad things he had done, she related, were "he's been putting it in mine" and "he's made me suck his." The bad things did not occur when her brother was present but only when she and defendant were alone and after he had shut the door to the bedroom they were using. While the child expressed uncertainty as to exact times she was sodomized, she recounted the events occurred at the end of her first school year and the beginning of summer vacation. At the time of the interrogation the girl had just commenced her second year of school. In ruling her competent as a witness the trial court declared the girl "has the present understanding of the obligation to tell the truth ... the mental capacity at the time of the occurrence to observe these things which she has described ... a mem-

ory sufficient to retain an independent recollection of them ... and ... the capacity to translate that memory into words or testimony at this time." *State v. Parton* and *State v. Smith*, supra. Defendant has not demonstrated a clear abuse of the trial court's discretion in declaring the child competent to testify and we perceive none. Consequently, defendant's first point relied on is denied.

Defendant's second and final point relied on is: "The trial court erred in denying the defendant's motion for judgment of acquittal at the close of the evidence because the testimony of [the girl] was uncorroborated and was contradictory and in conflict with the physical facts, the surrounding circumstances and with common experience so as to be so unconvincing and improbable that the testimony was extremely doubtful, so that, as a result, the evidence was insufficient to sustain any verdict of guilty." Contrary to the mandates of Rule 30.06(d) defendant's point nowhere undertakes to allege "wherein and why" the girl's testimony was uncorroborated and contradictory or "wherein and why" it conflicted with the physical facts, surrounding circumstances and common experience or "wherein and why" the unexplained testimony was so unconvincing and improbable as to render it doubtful and insufficient to sustain a guilty verdict. But for this court's omission, per Rule 30.09(a), to afford defendant a second chance to do that which he should have done properly in the first instance, this point could be dismissed and disregarded because of rule violation. However, because of our oversight we will briefly attend to the point upon its merits, if any.

■ From a reading of the argument under this point, it appears that defendant contends the court erred in denying his motion for acquittal because his daughter's testimony was contradictory and unconvincing and there was no corroboration of her testimony. As stated in *State v. Sipes*, 651 S.W.2d 659, 660[1] (Mo.App.1983), the testimony of a prosecutrix is alone suffi-

cient to sustain a sodomy charge without other corroboration unless her testimony is so contradictory or in conflict with physical facts, surrounding circumstances and common experience as to be unconvincing.

■ In declaring the girl's testimony needed corroboration, defendant points to inconsistencies or contradictions between deposition and trial testimony as to minor points of a nonessential nature. For example: The indictment filed August 8, 1983, charged the sodomy occurred "on or about June 19, 1983," and in the examination and cross-examination of the daughter she denied or "don't really remember" that any sodomy happened on Father's Day. Without resorting to Webster's New World Dictionary of the American Language, College Ed., p. 529 or being advised that appellate courts may take judicial notice of calendars and dates on which a particular day of the week fell, *Haller v. Shaw*, 555 S.W.2d 703, 704[1] (Mo.App.1977), the writer and most readers hereof would not know that June 19, 1983, the third Sunday of that month, was indeed Father's Day. We decline to view the ignorance of an eight-year-old concerning Father's Day as requiring corroboration of her testimony. Also, the inconsistencies between her deposition testimony that her brother and her father's brother were sometimes at the grandparents' home when the sodomy occurred and her denial of their presence when she testified at trial were not essential elements of the crime of sodomy.

As said in *State v. Rogers*, 583 S.W.2d 293, 295[1] (Mo.App.1979), "The testimony of a victim of rape or sodomy needs no other corroboration for submission of charges against the defendant. Evidence by the victim inherently contradictory or such as to leave the court clouded with doubt must be corroborated or the conviction will not stand, not because the testimony of a victim cannot stand alone, but because the law does not allow an inference of fact from evidence not substantial or probative of that fact." The testimony

of the daughter is not considered to be "clouded with doubt" merely because she fell into inconsistencies or contradictions as to collateral minor points of a nonessential character. All of the matters of which defendant here complains relate to relatively unimportant details. No discrepancy appears as to the essential elements of the crime of sodomy. None of the misstatements or discrepancies complained of went directly to any essential element of the state's case necessary to prove sodomy. With respect to all essential matters, the daughter's testimony was all straightforward and without conflict. That was enough to make her testimony the basis for submission to the jury even without corroboration. *State v. Johnson,* 595 S.W.2d 774, 776[3, 4] (Mo.App.1980).

Defendant's last point is denied and the judgment is affirmed.

FLANIGAN and GREENE, JJ., concur.