**STATE of Missouri, Respondent,**

v.

**Dorothy V. HOOD, Appellant.**

**No. 13554.**

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 31, 1984.

David E. Woods, Regional Public Defender, Judicial Circuits 35 and 36, Poplar Bluff, for appellant.

Mark A. Kennedy, Pros. Atty., Butler County, Poplar Bluff, for respondent.

CROW, Presiding Judge.

Dorothy V. Hood ("defendant"), charged with the class A misdemeanor of stealing property of the value of less than $150, § 570.030, RSMo 1978, as amended by Laws 1981, p. 638, was tried by the court without a jury, found guilty, and sentenced to 6 months' imprisonment. Inasmuch as one of her assignments of error is that the evidence was insufficient to sustain the conviction, a synopsis of the testimony is required.

Paul Frederick Smith, security officer at the K-Mart store in Poplar Bluff, testified that while he had the automotive section of the store under surveillance on July 20, 1983, he saw defendant place an oil filter inside her purse, then leave the store with a male companion, without paying for the filter. Smith, accompanied by another K-Mart employee, Keith Seib, followed defendant and her companion to an automobile on the parking lot.

Smith asked defendant if she had a receipt for the filter and she replied she did not. Defendant opened her purse and placed the filter on the front seat of the automobile, on the passenger side. Defendant offered to pay for the filter, but Smith told her she had to go back inside the store.

Meanwhile, defendant's companion had started the engine and was attempting to back the automobile out of its parking space. Defendant opened a rear door and jumped into the automobile. An assistant store manager, who had come to the scene, retrieved the filter from the front seat. About that time, the automobile "sped off real fast." Smith testified he was unable to prevent defendant and her companion from fleeing "without possibly getting somebody injured."

Bernice Moore, who had known defendant about 8 years, was employed at K-Mart at the time the incident occurred. Ms. Moore had finished her shift and was standing at the door about 2:30 p.m., awaiting a ride. At that time, Ms. Moore saw defendant and her companion—whom Ms. Moore identified as Clarence Reed—exit the store. According to Ms. Moore, defendant passed "within a couple of feet." Ms. Moore watched as Smith, Seib and the

assistant manager confronted defendant on the parking lot, and observed defendant depart in the automobile.

Smith notified the police, furnishing them the automobile's license number, which had been copied by Seib. Smith, who did not know defendant by name, learned her identity from "some of the employees."

In her defense, defendant testified she went to Big Spring Park near Van Buren around noon, July 20, 1983. According to defendant, she was accompanied by Stacy Gipson, and they rode in defendant's automobile. Defendant explained there were other people at the park, but no one whom she or Stacy knew. Defendant added that she and Stacy spent the night at the park, sleeping in her car, and returned to Poplar Bluff about 8:00 a.m., the next day. Defendant denied stealing the filter and denied seeing Clarence Reed on July 20.

Stacy Gipson corroborated defendant's testimony about the journey to Big Spring, testifying he was certain of the date because July 20 was the birthday of his brother, Forrest. Forrest Gipson testified he had a party on July 20, 1983, his seventeenth birthday. Forrest expected Stacy to attend, but Stacy did not appear.

Interlaced with defendant's challenge of the sufficiency of the evidence is a contention that the trial court erred in allowing Ms. Moore to testify that defendant was at K-Mart on July 20. We address that contention before dealing with the sufficiency issue.

Defendant maintains there was no "foundation" for Ms. Moore's testimony, in that Ms. Moore admitted that she was not a friend of defendant, that they had no "mutual social contacts," and that she (Ms. Moore) had not talked to defendant. Defendant points out that Ms. Moore was unable to recall how defendant was dressed on July 20, and that Ms. Moore believed defendant's hair was "curled" at that time. Defendant testified that in July, 1983, her hairstyle was a "straight perm."

From the foregoing, defendant argues that Ms. Moore's identification of her at trial was not based upon Ms. Moore's observations at the time of the alleged crime, but instead upon Ms. Moore's "prior contact" with defendant. Therefore, says defendant, it was error to permit Ms. Moore to identify her in court.

We disagree. Ms. Moore testified she knew defendant "fairly well," having seen her "around town." Ms. Moore added that she could identify the automobile defendant drives, and that the vehicle defendant entered on the K-Mart parking lot was not defendant's, but one that Ms. Moore had seen Clarence Reed "driving around." Moreover, as noted earlier, Ms. Moore testified that she had known defendant about 8 years, that defendant had walked within 2 feet of her upon leaving the store, and that she (Ms. Moore) had observed defendant during the confrontation on the parking lot which, according to Smith, lasted "five to seven minutes."

*State v. Littleton,* 649 S.W.2d 225, 227[1] (Mo. banc 1983), holds that the reliability of an in-court identification is assessed under the "totality of the circumstances." Factors to be considered in determining whether identification testimony is sufficiently reliable that admittance at trial will not violate a defendant's right to due process include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the degree of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Id.* at 227[2].

■ Here, Ms. Moore, who knew defendant long before the incident at K-Mart, had ample opportunity to view defendant at the time of that incident. Ms. Moore, upon observing Smith following defendant and Clarence Reed, gave the matter her attention and watched what transpired on the parking lot. Ms. Moore was positive in her courtroom identification of defendant, and the length of time between the crime (July 20, 1983) and the in-court identification (Oc-

tober 7, 1983) was less than 3 months. Defendant's contention that the trial court erred in allowing Ms. Moore to identify defendant as the person whom Ms. Moore saw with Clarence Reed at K-Mart on July 20, 1983, is patently without merit.

We turn now to defendant's challenge of the sufficiency of the evidence to support the conviction. Defendant bases this point solely on the assertion that Ms. Moore's courtroom identification of her resulted from prior contacts, not from Ms. Moore's observations on July 20.

■ The first weakness in defendant's thesis is that Ms. Moore's testimony is flatly to the contrary. More importantly, however, the credibility of Ms. Moore and the weight to be given to her testimony were within the province of the trial court, as the trier of fact. *State v. Giffin*, 640 S.W.2d 128, 131[5] (Mo.1982). It was for the trial court to decide whether Ms. Moore was correct in identifying defendant as the person Ms. Moore saw at K-Mart about 2:30 p.m., July 20, 1983.

■ Unlike the trial court, we do not weigh the evidence; we determine only whether there was sufficient proof from which the trial court could reasonably have found defendant guilty. *State v. Turner*, 623 S.W.2d 4, 6[2] (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). In making that determination, we accept as true all evidence tending to prove defendant's guilt, together with inferences favorable to the State that can reasonably be drawn therefrom, and we disregard all contrary evidence and inferences. *Giffin*, 640 S.W.2d at 130[2]; *State v. Brown*, 665 S.W.2d 945, 948[1] (Mo.App.1984). Viewed in that light, the testimony of Smith, by itself, was sufficient to support the conviction. Smith, an eyewitness to the theft, unequivocally iden-

tified defendant as the culprit. Consequently, defendant's point would fail even had Ms. Moore not testified at all. *State v. Robertson*, 667 S.W.2d 18, 20[2] (Mo.App. 1984); *State v. Bailey*, 651 S.W.2d 599, 601[4] (Mo.App.1983).

The testimony of defendant and Stacy Gipson that defendant was at Big Spring at the time of the theft does not impair the sufficiency of the evidence to support the conviction. The trial court was not required to believe that testimony. The trial court had leave to believe the testimony of Smith and Ms. Moore, and to disbelieve the testimony of defendant and Stacy Gipson. *State v. Gamble*, 649 S.W.2d 573, 577[9] (Mo.App.1983). We reject defendant's attack on the sufficiency of the evidence.

Defendant also assigns as error the failure of the prosecuting attorney to make an opening statement, citing Rule 27.02(d), Missouri Rules of Criminal Procedure (14th ed. 1983),[1] and § 543.220, RSMo 1978.[2]

In considering this complaint, we note that defendant voiced no objection to the lack of an opening statement at the time the prosecuting attorney began presenting the State's evidence. Defendant first protested the omission after the State rested its case. In view of the general rule that objection at the time of an alleged error is the fundamental basis for appellate review of alleged trial errors, *State v. Winters*, 525 S.W.2d 417, 423[9] (Mo.App.1975), it is arguable that by waiting to object until the close of the State's evidence, defendant failed to preserve the point for review.

We need not, however, decide the point on procedural grounds. Assuming, without deciding, that the prosecuting attorney should have made an opening statement, even in this non-jury misdemeanor trial, and further assuming, without deciding,

---

**1.** Rule 27.02 provides, in pertinent part:

"The order of trial by *jury* in *felony* cases shall be as follows:

. . . . .

(d) The attorney for the state shall make an opening statement." (Emphasis added).

**2.** Section 543.220 provides: "All proceedings upon the trial of misdemeanors ... before associate circuit judges shall be governed by the practice in criminal cases before circuit judges, so far as the same may be applicable, and in respect to which no provision is made by statute."

that the point is viable for review, we find no prejudice to defendant.

*State v. Little,* 572 S.W.2d 871, 874 (Mo. App.1978), and *State v. Williams,* 575 S.W.2d 863, 864 (Mo.App.1978), say that one of the purposes of an opening statement by the prosecutor is to inform the accused of the nature of the State's case, to apprise the accused of the facts that the State expects to prove, and to enable the accused to fairly meet the charge against him.

In both *Little* and *Williams,* the prosecutor failed to make an opening statement. Convictions were nonetheless affirmed, it being evident from the record in each case that the accused was aware of the evidence that the State intended to present in support of the charge, and that the accused's ability to fairly meet the accusation was not inhibited.

■ Such are the circumstances here. It appears that defendant's counsel was furnished a copy of the "police record" in the case well ahead of trial, and it is obvious from the alibi evidence defendant presented that she and defense counsel knew in advance what the State's witnesses were going to say. Defendant makes no attempt to demonstrate how the prosecutor's failure to make an opening statement prejudiced her defense, and, on the record before us, it is manifest that no prejudice occurred. The point is denied.

In so ruling, we have not overlooked *State ex rel. Westfall v. Gerhard,* 676 S.W.2d 37 (Mo.App.1984), decided after the parties in the instant case had filed their briefs. *Gerhard,* which arose from the trial of a misdemeanor before an associate circuit judge, affirmed a judgment quashing a preliminary writ of prohibition that would have prevented the associate circuit judge from dismissing the charge after the prosecutor presented the testimony of the State's only endorsed witness without making an opening statement. *Gerhard* acknowledged its result was contrary to the results in *Little* and *Williams,* but distinguished those cases on the ground that the accused in each was aware of the evidence

to be presented against him and thus suffered no prejudice from the lack of an opening statement. Having found a similar absence of prejudice in the instant case, we perceive no conflict between our holding and *Gerhard.*

The remaining assignment of error pertains to an inquiry during the prosecutor's cross-examination of defendant. The prosecutor asked defendant where she was on July 27, 1983, one week after the alleged theft. Defense counsel's objection that the question was irrelevant was overruled. Defendant testified that she and Stacy Gipson had gone to K-Mart to "talk to the manager" because "they had made a mistake," but she did not know the date. Defendant was then asked whether she had told the manager, on the occasion of that visit, that she had been in Oklahoma on July 19 and 20. There was no objection to this question. Defendant testified she made no such statement to the manager, and she repeated her assertion that she was at Big Spring on July 20.

In rebuttal, the prosecutor attempted to show, through the testimony of Seib, that defendant had appeared at K-Mart on July 27, 1983, and had told the manager that she had been in Oklahoma. It developed, however, that Seib had not heard defendant make that statement. His knowledge of it was based solely on what the manager had told him. Seib's testimony was ruled inadmissible on hearsay grounds.

According to defendant, the trial court erred in overruling her objection to the prosecutor's question to her about her whereabouts on July 27 because she was not charged with committing a crime on that date and the prosecutor's purpose in asking the question was to attempt to introduce "improper rebuttal testimony" of Seib.

■ The contention is unsound. It is obvious that if defendant in fact told the K-Mart manager on July 27 that she was in Oklahoma on July 20, that statement was inconsistent with defendant's trial testimony, and, upon proper proof, was admissible

as impeachment. *State v. Atkins*, 494 S.W.2d 317, 320[9] (Mo.1973); *State v. Wilkerson*, 638 S.W.2d 308, 311[8] (Mo. App.1982). It is clear, from what Seib said, that the prosecutor had a good faith basis for asking defendant whether she had said, on July 27, that she had been in Oklahoma on July 20. The fact that Seib was precluded from refuting defendant's denial that she had made such a statement did not operate retroactively to render the inquiry irrelevant, and, inasmuch as the trial court properly rejected Seib's testimony about the purported statement, defendant has no basis for complaint.

The point is denied and the judgment is affirmed.

PREWITT, C.J., and HOGAN, TITUS and MAUS, JJ., concur.