**STATE of Missouri, Respondent,**

v.

**William Robert WARD, Appellant.**

**No. WD 37248.**

Missouri Court of Appeals,
Western District.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 24, 1986.

James R. Derting, Kansas City, for appellant.

William L. Webster, Atty. Gen., Paul LaRose, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and DIXON and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The appellant William Ward was charged with and convicted of two counts of sodomy, § 566.060.3, RSMo 1980, committed upon his nine year old daughter. The information also charged Ward with attempted rape of the daughter and with child abuse as to his five year old son. The attempted rape charge was dismissed, and the jury found Ward not guilty on the child abuse charge. Ward was sentenced to five years imprisonment on each sodomy conviction, with the sentences to run concurrently. Ward appeals from the judgment on the sodomy convictions.

Section 566.060.3 states "[a] person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Section 566.010.1(2) defines deviate sexual intercourse as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person."

The testimony of the daughter was that while in the custody of her father, sometime between Easter and May 31, 1984, he put his finger in her vagina. As to the other count, she testified he put her hand on his penis and caused her to move it up and down. She further testified both of these acts occurred on several occasions within the period of time just mentioned.

■ Ward's points relied on claim the information was defective because it did not state the specific dates the crimes were committed, he was prejudiced by the victim's testimony of other crimes, and the son, who was six years old at the time of trial, was incompetent to testify.

Ward's first point is without merit. The original information stated the alleged crimes occurred between June 1 and June 30, 1984. The dates were amended later to between March 1 and June 30, 1984. Ward does not claim the amendment caused prejudice by surprise but that the span of four months made it impossible for him "to prepare a defense either based upon denial or alibi without the allegations of specific dates by two (2) minor witnesses." Despite his failure to request a bill of particulars under Rule 23.04, which would normally preclude him from challenging an imperfect information, *State v. Lewis*, 642 S.W.2d 627, 630 (Mo. banc 1982), the point is considered and denied. The state correctly points the court to *State v. Allen*, 622 S.W.2d 275, 276 (Mo.App.1981). The

court there relied on *State v. Healey*, 562 S.W.2d 118 (Mo.App.1978), where the indictment charged the assaults occurred " 'during the months of June, July, and August of 1974.' " *Healey* and *Allen* were child and sexual abuse cases. In each case the court held the specific date and time of the assaults were not essential elements of the crime. *Allen, supra*, at 276; *Healey, supra*, at 130.

■ Ward's second point, without supporting authority, concerns the following question and answer:

Prosecutor: Did he ever try to put his privates on your vagina?

Victim: Not in Missouri but in Texas, yes.

The trial court sustained Ward's objection to the answer as unresponsive and granted his request to strike the answer and instruct the jury to disregard it. As in *State v. Babbitt*, 639 S.W.2d 196 (Mo.App. 1982), Ward did not ask for any further relief. "If a more drastic remedy was warranted, it was the responsibility of counsel to request that relief." *Id.* at 199. It is assumed the corrective action taken by the court was adequate. *State v. Mabry*, 602 S.W.2d 1, 2 (Mo.App.1980).

In his last point Ward claims the trial court abused its discretion in allowing the six year old brother of the victim to testify. Ward concedes the holding in *State v. Russell*, 642 S.W.2d 136 (Mo.App.1982). *Russell* notes that a witness under the age of ten is presumed incompetent to testify, but that presumption is rebuttable. *Id.* at 137. The case sets out four elements for determining the competency of a child witness:

"(1) present understanding of, or intelligence to understand, on instruction, an obligation to speak the truth;

(2) sufficient mental capacity at the time of the occurrence to observe and to register such occurrence;

(3) memory sufficient to retain an independent recollection of the observations made; and

(4) capacity to translate into words the memory of such observations."

*Id.*

■ The trial court's ruling on competency will not be disturbed absent a clear showing of abuse of discretion. *Id.* The judge conducted an extensive examination of the little boy in the case at bar. The attorneys were asked if they had additional questions they wanted the court to ask. Neither attorney suggested further questions. The judge found the boy competent. The defendant did not object to the court's finding, relegating review here pursuant to Rule 29.12(b). No error, plain or otherwise, was committed by virtue of the court's ruling. The superficial discrepencies of the boy's testimony do not call for a reversal on this point. *State v. Beishir*, 646 S.W.2d 74, 80 (Mo. banc 1983). This court further notes the boy testified only to the physical abuse charge against Ward as to this child, for which Ward was acquitted by the jury. This point is denied.

The state's belated attempt under § 558.026, RSMo Supp. 1984 to have this court vacate the trial court's judgment of concurrent sentences and remand for consecutive sentences is denied. The judgment is affirmed.

All concur.