**STATE of Missouri, Plaintiff-Respondent,**

v.

**Ricky GRUBBS, Defendant-Appellant.**

**No. 14775.**

Missouri Court of Appeals, Southern District, Division Two.

March 16, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1987.

Application to Transfer Denied May 19, 1987.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Presiding Judge.

Appellant's point relied on, penned by his able counsel, succinctly states the issue in the case. The point states:

The trial court committed plain error in finding appellant guilty of first degree assault, in violation of Section 565.050, RSMo Cum.Supp.1984, because the state failed to present sufficient evidence to support the verdict and to negate the justification of self-defense, in that evidence at trial demonstrated that appellant's conduct in committing the alleged assault was precipitated and caused by the actions of Terry Griswell, as appellant observed Griswell reach across to the passenger side of his car, which created a reasonable belief in appellant that Griswell was reaching for a weapon, and appellant reasonably believed Griswell was preparing to inflict death or bodily harm on appellant.

The state's evidence did not indicate the availability of self-defense. That was solely injected in appellant's testimony. The credibility of appellant and the weight to be given to his testimony were within the province of the trial judge, as the trier of fact. *State v. Hood,* 680 S.W.2d 420, 423 (Mo.App.1984). The assertion of any witness need not be believed, even though unimpeached. *State v. Willis,* 662 S.W.2d 252, 256 (Mo. banc 1983).

It was not necessary for the state to offer any evidence contradicting appellant's testimony for the conviction to be supported by the evidence as the trial court did not have to believe appellant. Compare *State v. Willis,* supra.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.